TATE, Judge.
This compensation claim is before this Court for the second time. The first appeal was from judgment dismissing the employee’s suit against the then sole defendant, the Kent Piling Company, Inc. The trial court had held that the plaintiff’s employer at the time of the accident was the K & H Stock Farm, a partnership' composed of Charles Kent and his brother-in-law, Thomas J. Hood; not the then defendant corporation.
In our opinion upon the first appeal, 87 So.2d 138, which fully discussed the somewhat complicated facts, we noted the plaintiff-employee’s alternative argument that if, indeed, the true employer of the plaintiff at the time of the accident was the K & H partnership instead of the Kent corporation, then nevertheless the latter was estopped to deny its liability for workmen’s compensation: for its course of conduct had misled the plaintiff as tO' which of the two family firms was his-employer, such as by the payment of compensation at the statutory rate to the employee by the Kent corporation for more than 55 weeks (or past the prescriptive year within which suit might be required to be filed against the K & H partnership if the latter was indeed the true employer of the injured plaintiff). Since this contention could not be decided in the absence of the K & H Stock Farm partnership' as a party to a suit deciding whether the compensation claim against it had prescribed, we remanded the proceedings-for the purpose of impleading said partnership.
On the remand, the K & H Stock Farm and the partners thereof were made parties defendant. The present appeal is from-judgment sustaining the plea of prescription filed by said partnership and partners.
This plea was based on their not being made parties to suit until May 25, 1956 (or within the 30 days permitted by our *446 •original decree, rendered April 27, 1956, ■'87 So.2d 138). The accident occurred on June 20, 1952. The last compensation payment had been made by the Kent Piling Company on July 14, 1953 (original suit against the corporation being timely filed as against it on July 14, 1954).
In sustaining the pleas of prescription, the lower Court held that the prescriptive year commenced to run when the plaintiff was put on notice by answer filed September 7, 1954 and interrogatories answered September 21, 1954, of Kent Piling Company’s claim that the K & H Stock Farm instead of it was the plaintiff’s employer ■•at the time of the accident.
In so doing, our learned brother •below fell into error. Plaintiff-appellant properly relies upon the jurisprudence that .a compensation suit timely filed against ■the wrong defendant will nevertheless interrupt the current of prescription as .against the true employer when the latter is aware in fact of the claim filed and when the employee was reasonably misled into impleading the wrong defendant by the employer’s method of doing business in dose interrelationship with said incorrectly impleaded party. Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So.2d 209; Malone, Louisiana Workmen’s Compensation Law 497-498, Section 384; see, also, for tort cases: Davis v. Lewis & Lewis, 226 La. 1064, 78 So.2d 174; Jackson v. American Employers’ Ins. Co., 202 La. 23, 11 So.2d 225.
In the Triangle Farms case, the ■surviving dependent mother of the deceased ■employee had originally brought suit within the prescriptive year against the Evan-Hall Sugar Cooperative, Inc., which owned the Evan-Hall Plantation upon which the employee was working at the time of the fatal industrial accident. The initial suit was dismissed when it developed that the •decedent’s true employer was the Triangle Farms, Inc., which was operating the Evan-Hall Plantation for the other corporation made defendant. The Supreme Court held that the filing of the initial suit had interrupted the current of prescription, so that the second suit was timely although filed more than a year after the accident but within a year of the judgment of dismissal of the first suit. The court reasoned that impleading of the wrong party was due to the method of doing business of the corporations, although no deception was intended, pointing out “the close relationship enjoyed by the two corporations in their operations, both as shown, being under the same management, using a common office, and employing the same personnel in many instances,” 23 So.2d 211.
In the Jackson v. American Employers case, above cited, the timely filed suit was against the wrong insurer; the true defendant was another of three companies with similar names and the same claims manager and same claims office, with which plaintiff’s attorney was negotiating prior to suit. Although the correct insurer was not impleaded until after the prescriptive year, the Supreme Court held suit to be timely, since the initial suit gave sufficient notice to the defendant liable for compensation, and since the plaintiff had been misled by the very close interrelationship of the correct defendant with the company incorrectly impleaded initially.
The record in the present case indicates that Charles R. Kent, one of the two partners of the “K & H Stock Farm”, was a vice-president of the Kent Piling Company, the original defendant. He was also its woods foreman, under whom plaintiff Banks worked whether — as a bookkeeping entry between the two firms — his wages were charged to the Kent Piling corporation or the K & H partnership. It further indicates that both firms and the Kent Mercantile Company, credits upon which latter firm often constituted the mode of wage payments to the employees of the other two firms, were closely interrelated family firms, with members of the Kent family as officers thereof, with employees *447 interchangeably assigned to duties as required by the varying requirements of each technically different firm.
For instance, the testimony of the injured plaintiff and his seven co-employees testifying shows that they reported regularly for work with the Kent Piling Company, were transported to the site of the day’s work by the Kent Piling Company truck and were assigned to work each day by and worked under the supervision of Charles Kent (woods foreman of the corporation and partner of the Stock Farm), indiscriminately either “at the farm” (i. e., K & H Stock Farm) or “in the woods” (logging for the Kent Piling Company), and drew their pay in cash (or credit slip) at the end of each week at the Kent Piling Company office in the same manner and at exactly the same rate, whether they worked at the farm or in the woods. Plaintiff was paid his compensation at the statutory rate for more than a year past the accident by checks of the Kent Piling Company, Inc.
We think this recital of the close interrelationship between the Kent Piling Company — under the woods foreman of which and at the offices of which plaintiff drew his wages and workmen’s compensation— and the K & H Stock Farm partnership — • to the accounts of which partnership with the Kent Piling Company and the Kent Mercantile Company (according to the testimony of members and an employee of the Kent family educed at the first trial) such wages and compensation payments to plaintiff were charged — is sufficient indication of the reason why counsel for plaintiff was reasonably misled into filing suit against the incorrect defendant.
That the correct employer, the K & H Stock Farm partnership, was apprised of this claim timely filed cannot he seriously disputed, since both partners testified as witnesses in the original trial against the Kent Piling' Company defendant in support of the latter firm’s contention that the farm partnership, not the defendant corporation, was plaintiff’s employer.
We do not find persuasive the contention advanced that the original suit did not constitute timely notice upon the defendant Stock Farm because the original defendant, the Kent Piling Company, Inc., was not served through any official agent for service of process but rather through the bookkeeper of the Kent Mercantile Company. This alleged improper citation was not questioned in the initial suit against the Kent Piling Corporation; such exception to citation not raised in limine litis was waived even as to the defendant therein. See authorities cited, 1 McMahon, Louisana Practice 288-289. More important, filing in the court of competent jurisdiction, and not service, interrupts prescription and constitutes legal notice of the demand. LSA-R.S. 9:5801.
For the above and foregoing reasons, the judgment of the District Court sustaining the plea of prescription as to the defendants, K & H Stock Farm, and the partners thereof, Thomas J. Hood and Charles R. Kent, is reversed; and this matter is remanded for further proceedings according to law. (It is further ordered that, pursuant to motions filed herein, the widow of Thomas J. Hood, deceased since the judgment below, who is also the duly qualified tutrix of his surviving children, be substituted individually and in her capacity as tutrix for said deceased codefendant.)
Reversed and remanded.