LOTTINGER, Judge.
This is a suit in workmen’s compensation for total and permanent disability. The petitioner is Richard Banks and the defendants are Kent Piling Company, Inc., a corporation, and K. & H. Stock Farm, a partnership, and the individual partners therein.
The Lower Court sustained a plea of prescription filed by the defendants, and the petitioner has taken this appeal.
This is the third time that this matter has been before this Court on appeal. The petitioner originally filed suit against Kent Piling Company, Inc. and the Lower Court awarded judgment for defendant. This decision was appealed, and we remanded the matter (See La.App., 87 So.2d 138) to allow petitioner to join K. & H. Stock Farm and its individual partners as parties defendant. Petitioner then filed a supplemental and amending petition adding the partnership and individual partners as co-defendants. The partnership and individual partners then filed an exception of prescription which was sustained by the Lower Court and the matter was again appealed. We reversed the judgment of the Lower Court (Banks v. K. & H. Stock Farm, La.App., 97 So.2d 444) and the case was then tried on the merits. A second plea of prescription was then filed by all defendants, which plea was sustained by the Lower Court and petitioner’s demand was dismissed. Petitioner now appeals from this decision.
There are present in the record pleas of prescription filed on behalf of all parties. These pleadings aver that the one year prescription as provided in LSA-R.S. 23:-1209 has run because the suit was filed on July 14, 1954, whereas the last compensation payment made to petitioner was on July 12, 1953.
In support of its contention that this action has been prescribed, the defendant has filed into the record certain photostatic copies of check number 9115 drawn upon the Kent Piling Company, Inc., and payable to Richard Banks in the sum of $39. Defendants contend that this check represents the last compensation payment to petitioner. Defendants further claim that the said check was dated July 12, 1953, and that it cleared the bank on July 13, 1953, thus, more than one year had elapsed prior to the filing of suit on July 14, 1954. Defendants claim that the one year prescription of LSA-R.S. 23:1209 had accrued.
*806 Petitioner, on the other hand, claims that the question of prescription is res judicata as the question had been raised earlier and was disposed of in our opinion reported in Banks v. K. & H. Stock Farm, La.App., 97 So.2d 444. Petitioner further contends that defendants are estopped from introducing the check into evidence because when he had earlier requested copies of all canceled checks the defendants had denied that they had paid or delivered any compensation checks to petitioner. We believe, however, that the matter can be disposed of without going into these two contentions on the part of petitioner.
The photostatic copies of the check introduced into evidence clearly show the date thereof to be July 19, 1953. Mr. T. W. Kent, the President of Kent Piling Company, signed the said check, and he testified that the check is dated July 19, 1953. Mr. Kent further testified that petitioner endorsed the check and cashed it at the office of Kent Piling Company.
To offset this testimony, and the date which is clearly written on the check, the defendants contend that the bank perforations, which appear on the check, show that the check cleared the bank on July 13, 1953. We have closely examined the photostatic copies of the check and are unable to distinguish the date thereon. These perforations show the word “paid”, followed by certain markings which are not distinguishable, followed by the marking “44435” or “04435”. As to the alleged date, the month is absolutely non-distinguishable, the day could be “3”, “13”, or “23”, and the year could be “53” or “55”. No official of the bank testified as to the markings. The only evidence offered in support of defendants’ contention that the check was cashed on July 13, 1953, was the self-serving statement of Kent Piling Company, Inc., showing a $39 debit against the account of K. & H. Stock Farm on July 13, 1953. In view of the clear date appearing on the check, as well as the testimony of Mr. Kent, who wrote the check, we conclude that the check was issued on July 19, 1953, within the period of one year prior to the filing of suit.
Now, let us assume, merely for the sake of argument, that the check dated July 19, 1953, was actually a post-dated check, and that it was cashed by Kent Piling Company on July 12, 1953, and cleared the bank on July 13, 1953. We would still be of the opinion that the effective date of payment for the purposes of prescription would be July 19, 1953. The check bears no inscription showing the period for which it was issued. Under our assumption, we would still be required to conclude that the check was for compensation due on July 19, 1953, otherwise, there would be no reason for issuing a post-dated check. The burden is upon defendants to prove their plea of prescription. This they have failed to do. The evidence established that the check was issued on July 19, 1953. Therefore, the last date of payment was on July 19, 1953.
As this suit was filed within a year of the date of last payment, we hold that petitioner’s claim has not prescribed. Accordingly, the judgment of the Lower Court will be reversed, and the exception of prescription will be overruled.
The case has been tried on the merits before the Lower Court. Therefore, under the provisions of Article 905 of the Louisiana Code of Practice, we will render a decision thereon as the record is complete.
The record discloses that petitioner received an injury to his left forearm and hand while working as a logger for K. & H. Stock Farm, a partnership composed of Charles R. Kent and Thomas J. Hood. Thomas J. Hood has subsequently died, and Mrs. Marie Kent Hood, individually and as tutrix of her minor children, has been substituted as a party defendant.
*807 According to the facts which are present in the record, some of which are set forth in our prior opinions as reported in La.App., 87 So.2d 138 and Banks v. K. & H. Stock Farm, La.App., 97 So.2d 444, there is no question of the occurrence of the accident. At the time of the accident, petitioner was drawing weekly wages of $30 from K. & H. Stock Farm.
A medical report of Irvin Cohen, M. D., dated November 20, 1953, discloses that petitioner sustained disabling injuries to the left hand which renders it “useless for excessive physical activity.” Dr. Cohen’s opinion discloses that the injury is permanent in type and will probably show no specific improvement.
A medical report of Moss M. Banner-man, M.D., dated January 27, 1958, stated that at that time petitioner’s disability was “approximately sixty per cent of the use of his left arm.” He felt that this disability is permanent and will not appreciably change in the future.
We believe that the record unquestionably discloses that petitioner is permanently and totally disabled to perform any work of a reasonable nature. Since the accident, petitioner has worked for a different employer, as a light laborer, in measuring logs and trimming small limbs. He is no longer able to perform the heavy manual labor that he did prior to the accident.
Although the petition did ask for medical expenses in a sum not exceeding $500, the record contains no proof as to any medical expenses. We are, therefore, unable to allow same.
For the reasons hereinabove assigned, the judgment of the Lower Court is reversed, and there is judgment in favor of the petitioner, Richard Banks, and against the partnership, K. & H. Stock Farm, and the individual members thereof, namely, Charles R. Kent and Mrs. Marie Kent Hood, individually and as tu-trix of her minor children, jointly and severally, at the rate of $19.50 per week during the period of disability not beyond 400 weeks commencing June 20, 1952, less a credit of all payments accruing between June 20, 1952 and July 19, 1953, plus interest at the rate of five per cent per annum on all past-due payments until paid, all costs to be paid by said defendants. The suit, as it bears against Kent Piling Company, Inc., is hereby dismissed.
Judgment reversed and rendered.