BAILES, Judge.
Plaintiff brings this suit against defendant, by direct action, as insurer of F. IT. Toups, d/b/a Toups Truck and Tractor Service, to recover maximum workmen’s compensation benefits for an injury that occurred August 31,1963, allegedly resulting in total and permanent disability. Judgment was rendered by the trial court in favor *487 of the plaintiff awarding workmen’s compensation payments of $35.00 per week as for total and permanent disability not to exceed 400 weeks, subject to a credit of twenty-six weeks compensation theretofore paid from August 31, 1963 through January 29, 1964, together with legal interest on each past due payment from due date until paid. From this judgment, defendant appealed.
While the judgment of the trial court is silent as to liability for payment of medical expenses, that phase of the plaintiff’s demand is not before us inasmuch as plaintiff neither appealed nor answered the appeal.
It appears from the record that the insured, F. H. Toups, d/b/a Toups Truck and Tractor Service, operates a general automotive repair shop in the city of Baton Rouge; that the plaintiff had been in the employ of Mr. Toups for about twenty years performing various and sundry duties about the garage, including general janitorial services, doing some mechanical repair work, and sometimes working as a mechanic’s helper and as a wrecker driver; and it appears that some of the work was heavy work and some was light work; however, he was on his feet during his entire working day. On August 31, 1963, in a manner not shown by the record, plaintiff suffered a crushing type injury when an air compressor either fell or was dropped on his left foot.
The following stipulation was entered into between the plaintiff and defendant: “ * * * that Seymore Carpenter was employed by Toups Truck & Tractor Service at the time of the injury, which was August 31, 1963; that the employment falls within the classification of hazardous employment as defined by Workmen’s Compensation law; that he was within the scope of his employment at the time of the injury; that he returned to work on or about January 5, 1964; that he was paid disability benefits at the rate of thirty-five dollars per week from August 31, 1963, through January 29, 1964, a period'of twenty-six weeks and that the employer paid the plaintiff’s medical expenses in the amount of six hundred fifty-five dollars and thirty cents.”
The orthopedist testified that plaintiff received, in the accident, a compression type injury to the left foot. He incurred a fracture of the first, second and third metatarsal bones. An open reduction of these fractures was performed on the' same day of the injury.' The plaintiff remained in the hospital for one week, then continued under the treatment of his physician until finally discharged on July 9, 1964. Plaintiff returned to work on January 5, 1964, although his foot caused him pain and was obviously swollen.
The evidence shows unquestionably that plaintiff has and will continue for an unknown period of time to have pain in his left foot, and that the foot continues to swell. He, two of his fellow workmen and a former fellow workman, testified that he could not perform all of the work he formerly did.
The treating physician found that plaintiff had a ten per cent disability of the left foot based on the limitation of use and the pain he has on use of the foot.
The trial judge found that the plaintiff was totally and permanently disabled within the intendment of the workmen’s compensation statute, and in this finding we concur.
The only medical witness to testify in the trial of the case was the treating physician who was called by the plaintiff. In addition to this doctor, the plaintiff elicited testimony from two fellow workmen and one former fellow workman, at noted supra, who testified in part as to how the plaintiff performed on his job since returning after the injury. The defendant complains that the court should not consider this lay testimony at all. The defendant actually has no cause for alarm because as we view their testimony it does not militate against it.
*488 Inasmuch as the defendant has raised the point that we should not consider the lay testimony in view of the only expert medical witness being the treating physician, and in which there can be no conflict, we wish to make this observation. Defendant, to sustain its position, cites us the case of Lee v. Royal Indemnity Company, La.App., 149 So.2d 606. In that case, this court said:
“It is quite true, as contended by learned counsel for defendant that in workmen’s compensation cases lay testimony regarding alleged disability will not be considered where there is no material conflict in medical evidence. Guillory v. Southern Farm Bureau Casualty Insurance Co., 237 La. 374, 111 So.2d 314; Davis v. Clyburn, La.App., 109 So.2d 126. * * * If the record as a whole discloses no material difference or divergence of views among the medical experts the trial court must then, in accordance with established jurisprudence, disregard the lay testimony appearing in the record.”
We do not disturb this holding whatever herein. The lay witnesses in the instant case did not testify to anything contrary to the testimony of the only medical witness, and if per chance they did, we must and do disregard such testimony. However, these lay witnesses were merely explaining the day to day on the job movements and actions of the plaintiff which were facts (not opinions or conclusions) gathered from observation. Their testimony amplified and explained the doctor’s testimony.
This brings us to the consideration of whether the wages received by the plaintiff should be credited to the employer, or the insurer-defendant, herein, as compensation payments.
The following language from the written reasons for judgment in the lower court is an accurate summary of the evidence on this point as well as an expression of the trial judge’s opinion.
“He now complains that since his accident he cannot get around on his foot like he used to; that his foot pains him; that it swells on him; that he is unable to aquat down as he used to. It’s my impression of the evidence that when he applies pressure to his foot it causes him pain, and as a result thereof he is working in pain and not able to perform labor as well as he should. Because it takes pressure to push the clutch down on a wrecker truck, since the accident he gets someone else to drive it for him when he can. It is also evident that he can do the work that he’s been doing before and that he can drive the truck as he did before, but, because of the discomfort and pain that occasions him as a result of his injury, he has others help him out from time to time in some of the jobs that he performs around his employer's business. It is my opinion that, except for the fact that he has been employed by Mr. Toups and has been a faithful employee for the past nineteen years, the condition of his foot would prevent him from competing in the labor market.”
We believe that the question of whether credit should be given an employer, or as in this case an insurer, as compensation payments the wages paid has now been settled. An employer or insurer is not entitled to credit as compensation payments wages earned by a disabled workman. The test is: Are the wages earned? See: Lindsey v. Continental Casualty Co., 242 La. 694, 138 So.2d 543; Madison v. American Sugar Refining Company, 243 La. 408, 144 So.2d 377; Gaudet v. Hartford Accident & Indemnity Co., La.App., 143 So.2d 252.
In Madison v. American Sugar Refining Company, supra, in 243 La., at page 415, *489 144 So.2d, at page 380, the Supreme Court said:
“[2-4] The Court of Appeal considered under the holdings in Mottet v. Libby-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218, and Myers v. Jahncke Service, Inc. (La.App.), 76 So.2d 436, that the employer was entitled to credit for every week that the employee worked after the commencement of disability in March, 1959, because he continued to work as a common laborer, no matter what the job classifications were, and thus was performing services similar in character to those which he performed before his injury. After the judgment of the Court of Appeal this court decided the case of Lindsey v. Continental Casualty Co., 242 La. 694, 138 So.2d 543, wherein it was recognized that there are divergent views on whether credit should be granted to the employer or insurer for wages paid the employee during the period of total or partial disability, but that this court considers the sound view to be that credit should be granted when the wage payments are made in lieu of compensation. The basic test for determining whether they are made in lieu of compensation is whether the wages paid after the injury are actually earned. This, of course, is determined by the facts and circumstances of a particular case. The fact that the services performed after the injury are similar, or dissimilar, to the services performed before may be relevant to the question of whether the wages are actually earned, but it is not decisive of it. * * * The granting of credit was erroneous in this case under the authority of the rule laid down in the Lindsey case.”
The record, in the instant case, indicates that the employee is not fully earning his wages as he is not fully performing his duties. He is being assisted in those duties by other employees and this situation is acceptable to the employer. The record shows that there is a difference in plaintiff’s work before as compared to that after the accident; that he works slower and requires some assistance now.
We find from the evidence that this plaintiff is not earning the wages being paid to him by his employer. Accordingly, defendant is entitled to claim credit as compensation payments wages paid to plaintiff. To this extent the judgment appealed from is amended, in all other respects it is affirmed. Plaintiff to pay the costs of this appeal.
Amended and affirmed.