BOLIN, Judge.
Plaintiff obtained judgment for total and permanent disability under the Workmen’s Compensation Act and defendants appeal. On the last day permitted under our rules defendants filed in this court a plea of prescription.
We direct our attention first to the plea of prescription. This exception is based on Louisiana Revised Statutes 23:1209, which bars a compensation suit unless proceedings are begun within one year after the accident or, if payments have been made, within one year from the time of making the last payment. Louisiana Code of Civil Procedure Article 2163 permits a plea of prescription to be filed for the first time in an appellate court.
Even though the question of prescription had not been put at issue, the trial judge, in rendering judgment for plaintiff for total and permanent disability, commented upon evidence which had been introduced concerning the date of the accident. In a written opinion he concluded plaintiff was injured on May 26, 19S6, rather than June 1, as alleged. The suit having been filed on May 31, 1957, a finding by this court that the evidence preponderates that the accident occurred on May 26 would necessarily result in our sustaining the plea of prescription.
The testimony relating to the accident was elicited principally from plaintiff’s witnesses on cross-examination and was mostly unexplained and uncontradicted. A careful reading of the entire record reveals the reason defense counsel was attempting to prove the date of the injury was to show coverage of the employer under a workmen’s compensation insurance policy which apparently expired on May 30, 1956. At no time during the trial, by pleadings or otherwise, did prescription become an issue. Under these circumstances, it would be natural for plaintiff’s counsel not to pursue the evidence further, for he was suing a partnership and the matter of defendants’ insurance coverage was of no concern to him.
■ Four witnesses testified concerning the date of the accident. Plaintiff stated he was hurt on the morning of June 1, 1956; that he recalled the day because it was the same day a part time employee-student received his report card from Bossier High School. The student said he thought plaintiff was hurt about June 1; that he usually worked only on Friday afternoons and all *809 day Saturdays; that Randol was injured in the morning and went to the doctor the same day; and that this happened the day he got his report card. Defendant introduced the testimony of the principal of Bossier High School who said the report cards for 1956 were given out on Saturday morning, May 26. Plaintiff’s counsel did not cross-examine the school official.
Plaintiff presented the testimon)? of Dr, W. S. Harmon for the purpose of proving disability. A written report prepared by him several months after the accident was introduced in evidence. In this report and in his testimony he said the man was hurt on June 1, 1956. On cross-examination, defense counsel cautioned Dr. Harmon the exact date of the accident was important because of the question of insurance coverage. The doctor conceded he had no daily record to substantiate his statement the accident happened on June 1. It had been several years since he had been active in his profession and he did not have many of his records.
Under the facts as outlined and hearing in mind the possibility of plaintiff’s counsel being misled into not making a zealous effort to contradict or explain the evidence tending to show the accident occurred on May 26 rather than June 1, we think equity would best be served by remanding the case to the trial court for the limited purpose of the introduction of any evidence relevant to the day of the .accident. On making such a decision, we are not unmindful that plain- ' tiff has not requested such remand as authorized by Louisiana Code of Civil Proce-duré Article 2163. Nevertheless, Louisiana Code of Civil Procedure Article 2164 vests this court with authority to render any judgment which is just, legal, and proper upon the record on appeal.
For the reasons assigned, the judgment appealed from is annulled and set aside and the case is remanded to the Twenty-Sixth Judicial District Court of Bossier Parish for the limited purposes outlined herein, after which there shall he judgment rendered as the law and the evidence merits.
The costs of this appeal are assessed against the appellants, all other costs to await the final outcome of the case.
Annulled and remanded.