AYRES, Judge.
This is an action for workmen’s compensation. From a judgment awarding plaintiff compensation at the rate of $30 per week for the maximum statutory period for total and permanent disability, defendants appealed. Pending the appeal, defendants filed in this court a plea of prescription of one year. The judgment appealed was set aside and the cause remanded for trial of the issues raised by the plea (La.App., 178 So.2d 807 [1965]). After trial on the remand, the plea of prescription was sustained and plaintiff’s demands rejected. From that judgment, plaintiff prosecutes the present appeal.
The basis of defendants’ plea is that plaintiff’s action was not instituted within a year following the accident in which he was allegedly injured. It is contended the accident occurred May 26, 1956, whereas the suit was filed May 31, 1957.
Plaintiff, although contending the accident occurred June 1, 1956, and that the suit was filed within a year thereafter, takes the additional position that his right of action is not prescribed until after the lapse of a year following the development of disability resulting from the accident. He claims that disability had its onset April 6, 1957.
Pertinent to defendants’ contention is the rule that generally all claims for workmen’s compensation are barred unless, within a year after an accident, proceedings have been instituted for their enforcement. Important to plaintiff’s alternative position is the principle that where an injury does not result at the time of, or immediately after, an accident, the limitation shall not take effect until the expiration of one year from the time the injury develops into disability. LSA-R.S. 23:1209.
The rule generally prevailing in all civil actions that one pleading liberative prescription has the burden to establish the factual basis of the plea is applicable to actions for workmen’s compensation. Ludlam v. International Paper Company, 139 So.2d 67 (La.App., 2d Cir. 1962); Banks v. Kent Piling Company, 110 So.2d 804 (La.App., 1st Cir. 1959).
Thus the burden was upon defendants to establish, by a reasonable preponderance of the evidence, that the accident in which plaintiff was injured occurred more than a year prior to the institution of his action.
Plaintiff was employed as a market man or “butcher” for defendants at their Fairway Super Market in Bossier City. While lifting a “side of beef,” the strain incident thereto produced a ventral hernia or caused a recurrence of a ventral hernia which had theretofore been surgically repaired.
Plaintiff testified that the accident happened June 1, 1956. One of the bases for this assertion was that a fellow employee, Alfred Glass, reported late for work on that date because of having gone by a high school for his report card. Glass verified the date by reason of the fact that this was the first weekday he had worked a full day for defendants. Theretofore, during school days, he had worked all day on Saturdays only.
*115 Another basis for plaintiffs claim that the accident occurred in the forenoon of June 1, 1956, was that, during the noon hour on that day, he called upon Dr. W. S. Harmon, at his office, with reference to his injury. This was substantiated by the doctor’s records. Though all of his records could not be located, due to his retirement from practice, the doctor located and identified a copy of a letter written by him to an attorney, then plaintiff’s counsel, in which the doctor noted plaintiff’s visit to his office with respect to his injury of June 1, 1956.
To counteract the effect of plaintiff’s evidence, defendants procured the testimony of Emmett Cope, who was principal of Bossier High School, attended by Glass in 1956, and the testimony of Dr. C. A. Kinne-brew, who examined plaintiff on only one occasion, May 23, 1958.
Cope was unable to testify that Glass did not get his report card on June 1, 1956. His testimony related to the fact that school closed May 26, 1956, at which time all pupils present were supposed to receive their report cards, and to a rule then in effect that those not present on the closing day of school could not obtain their cards until the beginning of the next session.
Dr. Kinnebrew noted in his records, presumably in obtaining the history of the accident, that plaintiff was injured on some day in May, 1956, not otherwise specified.
From our review of the entire record, particularly the testimony noted above, the conclusion appears inescapable that defendants have not sustained their burden or proof and established that plaintiff’s claim has prescribed.
On the merits of plaintiff’s claim it can only be reasonably concluded that the evidence establishes plaintiff’s total inability to perform manual labor, such as he was doing at the time he was injured, particularly where straining or heavy lifting is required. Plaintiff had previously sustained a ventral hernia which was surgically repaired by Dr. Harmon August 17, 1955. On the occasion of the doctor’s examination June 1, 1956, it was found that the ventral hernia had recurred. Drs. Harmon and E. T. Hilton were of the opinion that the size of the hernia effected and was indicative of plaintiff’s disability. While not disabling at the time of or immediately following the accident, the hernia gradually worsened through its enlargement until it became disabling. Any strain or pressure in the intra-abdominal wall causes the hernia to bulge and enlarge and to produce pain. From subsequent examinations by Dr. Harmon in 1957 and by Dr. Hilton as late as 1964, opinions were expressed that plaintiff would not be able to lift or strain without discomfort or pain. It was stated that, upon plaintiff’s standing or straining, part of his abdominal contents would protrude between the muscles of the abdominal wall, restrained only by the lining of the peritoneal cavity and the skin with its underlying tissues.
Plaintiff is not only physically disabled from the performance of heavy manual labor but his handicap is such that he is obviously prejudiced in regard to his right and ability to compete in the labor market. The hernia as recurred has not been repaired; nor have any medical expenses been proved.
During at least an undetermined number of the 44 weeks in which plaintiff continued in defendants’ employ at full wages, he did not perform all the duties of his employment as efficiently or as promptly as before, but he required assistance where lifting or straining was necessary. Thus, he did not fully earn the wages paid him. Defendants are, therefore, entitled to credit for the number of weeks plaintiff was paid his wages. Carpenter v. Employers Mutual Liability Insurance Co. of Wisconsin, 178 So.2d 486 (La.App., 1st Cir. 1965—writs refused).
For the reasons assigned, the judgment appealed is annulled, avoided, reversed, and *116 set aside, and the plea of prescription is overruled; and
It is now Ordered, Adjudged, and Decreed there be judgment herein in favor of plaintiff, John P. Randol, and against the defendants, Thomas Lawrence, Mrs. Dorothy Jones Lawrence, and Mrs. Margaret Anne Lawrence Crawford, in solido, for the full sum and weekly compensation of $30, for the period of his disability, not, however, to exceed 356 weeks, beginning April 6, 1957, with 5% per annum interest on each of said weekly installments from its maturity until paid.
It is further Ordered, Adjudged, and Decreed that plaintiff’s counsel’s fees be, and they are hereby, fixed and directed paid from plaintiff’s compensation award at the rate of 20% of the first $5,000 and 10% of the excess thereof.
It is further Ordered, Adjudged, and Decreed that defendants pay all court costs including expert-witness fees of $50 each for Drs. Harmon and Hilton.
Reversed and rendered.