LOTTINGER, Judge.
This is a suit in workmen’s compensation filed by Edward A. Bartholomew, as peti *449 tioner, against Ourso & Company, Inc., and its workmen’s compensation insurer, The Travelers Insurance Company, as defendants. From judgment below in favor of petitioner and against defendant, the defendant has prosecuted this appeal.
The facts, as agreed by the briefs of the parties hereto, are as follows: Petitioner was employed as a butcher by Ourso & Company, Inc. On August 19, 1967, while in the course and scope of his employment, he tripped on a wooden rack behind the meat box and fell to his knee. As a result of this accident, he sustained a comminuted fracture of the right patella and underwent an operation. He returned to light work on the week ending November 25, 1967, and returned to work full-time on the week ending December 23, 1967.
Workmen’s compensation benefits were paid to petitioner for 35 weeks, beginning on August 19, 1967 through April 21, 1968, at the rate of $35.00 per week. In addition, all medical expenses have been paid.
Subsequent to termination of the weekly compensation benefits, petitioner filed suit claiming that he is totally and permanently disabled from doing the work which he was performing prior to his accident. He further prays for penalties and attorney fees because of the alleged arbitrary and capricious act of the defendant insurance company in discontinuing his compensation benefits.
The Lower Court awarded judgment in favor of petitioner and against defendant for total and permanent disability at the rate of $35.00 per week for 400 weeks subject to a credit of the compensation payments previously made. A claim by defendants for credit against the award for wages paid in lien of compensation was denied by the Lower Court. The Lower Court refused the penalties and attorney fees claimed by petitioner.
From this judgment the defendant has appealed, alleging that the Lower Court erred in finding petitioner totally and permanently disabled and in failing to give defendants credit for wages paid by plaintiff’s employer.
In its reasons for judgment, the Lower Court said:
“Mr. Bartholomew was injured and can no longer perform all of the duties of a butcher. It is uncontradicted that he, in particular, is unable to take out of the cooler the heavy sides of beef or even the quarters, take them to the meat block and cut them up. This effectively takes him out of the competitive labor market, and the Court doubts that he would be as readily employed as a butcher because of this disability. It is also uncontradicted that he is a good meat cutter and can do the job of cutting meat. He was off some three months and was paid $35.00 per week and all of his medical. Since that time, he went back to work for the same employer.

“The evidence in this case is that since the plaintiff’s injury and since he has been reemployed as a butcher, he has been earning his wages, though he cannot do the same work or character of work as he was doing before his accident.”
The only medical evidence in the record indicates that petitioner has sustained a 20 percent disability to his right knee as a result of the accident. Prior to his injury he performed all the duties of a butcher including the cutting of meat and carrying large quarters of beef from the cooler room to his chopping block. Since the accident, however, he is unable to carry these heavy quarters of beef and he now requires the assistance of a helper in carrying the meat from the cooler to his chopping block. Furthermore, after working for several hours, during the afternoon the petitioner’s knee commences to swell and he begins to limp rather badly.
Fortunately the petitioner is employed by an apparently large concern in *450 which there are several helpers available to give him assistance in the carrying of his meat. Were he working in a one man butcher department, he would not be able to adequately perform his duties, particularly that of carrying the heavy beef from the cooler room to his chopping block. As petitioner is not now able to perform the same tasks as before the accident, we feel that the Lower Court was correct in holding him permanently and totally disabled.
With regard to the question as to whether or not the payment of wages since the accident has been in lieu of compensation, we believe that the doctrine as set forth in Carpenter v. Employers Mutual Liability Insurance Co. of Wisconsin, La. App., 178 So.2d 486, and in Randol v. Lawrence, La.App., 205 So.2d 113, is determinative of this issue. In that case, we said:
“We believe that the question of whether credit should be given an employer, or as in this case an insurer, as compensation payments the wages paid has now been settled. An employer or insurer is not entitled to credit as compensation payments wages earned by a disabled workman. The test is: Are the wages earned?” * * *

“The record, in the instant case, indicates that the employee is not fully earning his wages as he is not fully performing his duties. He is being assisted in those duties by other employees and this situation is acceptable to the employer. The record shows that there is a difference in plaintiff’s work before as compared to that after the accident; that he works slower and requires some assistance now.”
Furthermore, in Randol v. Lawrence (supra), the Court said:
“During at least an undetermined number of the 44 weeks in which plaintiff continued in defendants’ employ at full wages, he did not perform all the duties of his employment as efficiently or as promptly as before, but he required assistance where lifting or straining was necessary. Thus, he did not fully earn the wages paid him. Defendants are, therefore, entitled to credit for the number of weeks plaintiff was paid his wages. Carpenter v. Employers Mutual Liability Insurance Co. of Wisconsin, 178 So.2d 486 (La.App., 1st Cir. 1965-Writs refused).”
We, therefore, feel that the Lower Court was correct in holding the petitioner permanently and totally disabled as a result of the accident, however, we feel that the Lower Court erred in its failure to give the defendants credit for wages paid in lieu of compensation. The judgment of the Lower Court will be amended accordingly.
For the reasons hereinabove assigned, the judgment of the Lower Court will be amended so as to give the defendants credit for wages paid in lieu of compensation, and as so amended, the judgment will be affirmed. All costs of this appeal to be paid by petitioner.
Judgment amended and affirmed.
BLANCHE, J., recused.