344 So.2d 1180 (1977)
Jessie S. CHATELAIN
v.
AMERICAN CAN COMPANY.
No. 8337.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1977.
*1181 Donald V. Organ, New Orleans, for Jessie S. Chatelain, plaintiff-appellant.
John E. Jackson, Baldwin J. Allen and John E. Jackson, Jr., New Orleans, for American Can Co., defendant-appellee.
Before BOUTALL, MORIAL and BEER, JJ.
BOUTALL, Judge.
This is a suit for workmen's compensation benefits. The Trial Court rejected plaintiff's demands and dismissed his suit. This appeal followed.
Plaintiff-appellant, Jessie Chatelain, brought his action for compensation benefits for permanent and total disability, within the meaning of the Louisiana Workmen's Compensation Act, LSA-R.S. 23:1021 et seq. In his petition, plaintiff alleges that his employment with the defendant company exposed him to continuous noise and racket which caused him to become partially deaf, and that this deafness as well as his increased sensitivity to loud noises has rendered him permanently and totally disabled. Plaintiff requested a change in position with his employer because of hearing problems May 5, 1975. In rendering judgment adverse to plaintiff, the trial judge stated:
"The court does not find that the plaintiff proved an accident within the Workmen's Compensation Law."
The plaintiff-appellant claims that the trial court erred in finding that the plaintiff did not prove an accident within the Workmen's Compensation Law, and appellant contends the issue on appeal to be whether prolonged exposure to severe noise levels and resultant injuries to hearing constitute an "accident" within the meaning of the Louisiana Workmen's Compensation statute.
We agree with appellant that extraordinary physical stress and strain is not essential to the definition of disabling accident. It is well established in Louisiana that when the performance of the usual and customary duties of a workman cause or contribute to a physical breakdown, the statutory requirements for an accidental injury are present. Ferguson v. HDE, Inc., 270 So.2d 867 (La.1972); Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (1968); Whitworth v. Kaiser Aluminum & Chemical Corp., La.App., 135 So.2d 584 (1961).
However, the appellee points out, and we agree, that the real issue before us *1182 is whether the plaintiff sustained his burden of proof of causation of the hearing loss. We follow the rule as stated in Prim v. City of Shreveport, 297 So.2d 421 (La. 1974):
"Although procedural rules are construed liberally in favor of the workmen's compensation claimants, the burden of proof, by a preponderance of the evidence, is not relaxed. Thus, the testimony as a whole must show that more probable than not an employment accident occurred and that it had causal relation to the disability. If the testimony leaves the probabilities equally balanced, the plaintiff has failed to carry the burden of persuasion. Likewise, the plaintiff's case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture." (Citations of authorities omitted.)
There is no dispute over the fact that the plaintiff has a complete loss of hearing in his left ear and a slight loss of hearing in his right ear (although the hearing range of the right ear was still within normal limits).
What is in dispute is whether the noise trauma that the plaintiff experienced while working at the defendant's plant did cause the loss of hearing in plaintiff's left ear.
Three doctors were called as experts by the parties, and all three testified that acoustical trauma, such as that alleged by the plaintiff, usually causes bilateral damage, that is, there is usually a near equal loss of hearing in both ears. The experts also agreed that a unilateral loss of hearing is usually caused by viral neuronitis, or viral infection. Such an infection can be the result of common diseases such as a cold or the mumps. Dr. Miles Lewis, a specialist in the field of Otology opined that as many as sixty-seven percent of the cases of unilateral loss of hearing are caused by the common cold. Plaintiff's expert witness, Dr. Frank Norman, a specialist in Otolaryngology conceded that in the case of unilateral deafness, he would suspect other causes first before he would suspect industrial noise as the cause of unilateral deafness.
The medical testimony shows that due to the nature of the loss of hearing suffered by the plaintiff, that is, unilateral, there is only a possibility of a causative accident. The testimony as a whole does not show it more probable than not that an industrial accident occurred nor that it had a causal relation to the disability. Accordingly, we must find that the plaintiff has not met his burden of proof and that the judgment of the trial court should be affirmed.
For the foregoing reasons, the judgment appealed is affirmed.
AFFIRMED.