351 So.2d 1303 (1977)
Lester V. QUINE, Jr.
v.
IDEAL CEMENT COMPANY.
No. 11556.
Court of Appeal of Louisiana, First Circuit.
October 17, 1977.
Rehearing Denied November 21, 1977.
Writ Refused January 11, 1978.
*1304 Warren L. Mengis, Baton Rouge, of counsel, for plaintiff-appellant, Lester V. Quine, Jr.
Gerald L. Walter, Jr., Baton Rouge, of counsel, for defendant-appellee, Ideal Cement Co.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
This action to recover workmen's compensation benefits for total and permanent disability was dismissed. Plaintiff has appealed.
The issues are:
(1) Has this claim prescribed or been perempted under L.S.A.-R.S. 23:1209?
(2) Was there an accident and injury within the meaning of L.S.A.-R.S. 23:1021(1) and (6)?
We affirm.
Plaintiff, a long-time employee of defendant, operated dry kilns that generated a high level of noise. In 1970, the plaintiff started complaining of hearing problems. He sought treatment without success. On May 22, 1974, plaintiff was unable to continue his work. On May 7, 1975 he filed this action.
L.S.A.-R.S. 23:1209 provides that a claim for compensation is timely if brought within one year from the date of the accident or within one year from the time the injury develops. However, any claim not filed within two years from the date of the accident is perempted. The burden of proving prescription or peremption is on the party pleading it. This is applicable to workmen's compensation actions. Randol v. Lawrence, 205 So.2d 113, (2nd Cir., 1967) writs refused, 251 La. 930, 207 So.2d 538.
When the disability is the result of a continuous exposure over an extended period of time, rather than of a single specific *1305 accident or occurrence, the date from which prescription or peremption should run is the date of termination of employment. Burns v. W. H. Patterson Construction Company, 310 So.2d 675 (1st Cir. 1975). Thus since plaintiff filed suit within one year of discontinuance of work, his claim has not been barred by the one year prescription or peremption.
The determination of the two year peremption period is based solely on the date of the accident. Again, the exceptor must bear the burden of proving the date of the accident. See Randol, supra. Considering the vagueness of the evidence presented, we cannot say that the Trial Judge was manifestly erroneous in overruling this plea. Canter v. Koehring Company, La., 283 So.2d 716 (1973).
In order for plaintiff to recover workmen's compensation benefits he must prove he received ". . . personal injury by accident arising out of and in the course and scope of his employment . . .", L.S.A.-R.S. 23:1031. We quote from L.S.A.-R.S. 23:1021(1) and (6) for the definitions of "accident" and "personal injury":
"(1) `Accident' means an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury."
* * * * * *
"(6) `Injury' and `Personal Injuries' include only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, howsoever caused or contracted."
In Parks v. Insurance Company of North America, La., 340 So.2d 276 (1976), the Supreme Court interpreted these definitions: ". . . When the performance of the usual and customary duties of a workman cause or contribute to a physical breakdown, the statutory requirements for an accidental injury are present. Ferguson v. HDE, Inc., 270 So.2d 867 (La.1972); Bertrand v. Coal Operators Casualty Co., 253 La. 1115, 221 So.2d 816 (1968). More particularly, we have recognized that the fact that a condition may commonly be referred to as an illness or disease does not thereby preclude its classification as an accident. Jennings v. Louisiana Southern Life Insurance Co., 290 So.2d 811 (La.1974).

* * * * * *
". . . It is only necessary that the accidental injury be caused or precipitated by the usual and customary actions, exertion, or other factors directly connected with the employment. Roussel v. Colonial Sugars Co., 318 So.2d 37 (La. 1975)."
However, plaintiff still bears the burden of proving a connection between the condition causing the disability and factors related to his employment. See Parks, supra.
The diagnosis of the doctors was that the plaintiff's loss of hearing was due to Meniere's disease, for which, according to the doctors, there is no known cause. In fact, the medical experts could not conclusively say that there was a possibility that noise trauma could have been a precipitating factor in plaintiff's developing Meniere's disease. The lower court found that plaintiff had failed to carry his required burden to prove the employment was the cause of the disability. Prim v. City of Shreveport, La., 297 So.2d 421 (1974); and Chatelain v. American Can Company, 344 So.2d 1180 (4th Cir., 1977). We cannot disagree.
Plaintiff argues that the high noise level aggravated the hearing loss. As stated in Prim v. City of Shreveport, supra, the plaintiff must show more than a possibility that the disability was caused by or aggravated by the employment. The courts are not to speculate when there are causes of equal probability. There is evidence in the record that, dating back a number of years, there was a reduction in plaintiff's exposure to the noise trauma by use of ear muffs. There is sufficient evidence to support the Trial Judge's finding of no aggravation; *1306 we should not substitute our own conclusions unless there is manifest error. Canter v. Koehring Company, supra.
The judgment appealed from is affirmed. Plaintiff is cast for all costs of this appeal.
AFFIRMED.