CARTER, Judge:
This is an appeal from a trial court judgment denying plaintiff’s claim for workmen’s compensation benefits.
FACTS
On May 5, 1982, Fred D. Bosley, Sr. was employed as a laborer and “clean-up man” for Payne & Keller at the Triad Chemical Plant in Donaldsonville, Louisiana. Bosley claims that on or about that date, he was overcome with a tired and sleepy feeling. Bosley theorizes that he came in contact with radioactive chemicals, which initially caused a burning sensation on his face and neck. Bosley never felt anything drip or drop on him, but alleges that a co-worker, who did not testify at trial, saw a liquid leak on Bosley’s face.
Upon reporting the incident to his employer, Bosley was sent to see Dr. Glenn Schexnayder, a company physician. Plaintiff initially complained only of the burning sensation on his face and neck, which Dr. Schexnayder diagnosed as contact dermatitis. On May 11, 1982, Bosley again saw Dr. Schexnayder. At that time, the rash had cleared, and Bosley related symptoms of fever, diarrhea, heartburn, and head *17 aches. Dr. Schexnayder attributed these new symptoms to a viral infection.
On May 22, 1982, Dr. James Freeman, who is board certified in nuclear medicine, examined Bosley. On the date of the examination, Bosley had no skin lesions, and Freeman found no objective evidence of direct exposure to radiation. Freeman diagnosed Bosley’s condition as acute pan-creatitis, which can be caused by viral disease, trauma, alcoholism, or radiation exposure.
Dr. H.A. Samson was consulted on the Bosley case on July 1, 1982. Using the medical history supplied by Bosley, reports of the lab tests run by Freeman, and a physical examination, Samson opined that Bosley had sialadenitis (inflammation of the parotid gland). Dr. Samson attributed his finding to the increased amylase level and the medical history. Samson admitted that if the medical history was incorrect and Bosley had not been exposed to radiation, his diagnosis would be incorrect. He also acknowledged that pancreatitis or par-otitis (mumps) could cause increased amylase levels and that Bosley’s symptoms, viz., diarrhea and vomiting, could be caused by numerous things besides radiation exposure.
An on-plant inspection conducted by OSHA, following a complaint filed by Bos-ley, revealed no irregularities and no evidence of radioactive leak or exposure.
TRIAL COURT JUDGMENT
Upon finding that plaintiff had failed to carry his burden of proving that his malady was caused by exposure to radiation, the trial court rendered judgment in favor of defendant, denying plaintiff’s claim for permanent, partial disability benefits, and dismissed plaintiff’s suit.
Plaintiff appeals, assigning the following errors:
(1) The trial court erred in finding that plaintiff failed to prove that an “accident” occurred;
(2) The trial court erred in failing to apply the presumption that an employee in good health, who sustains an accident and thereafter suffers from a disability, is disabled as a result of the accident; and,
(3)The trial court erred in not finding that plaintiff suffered a mental disability caused by anxiety.
ASSIGNMENT OF ERROR NO. 1
The question presented in this assignment is factual: Did plaintiff establish a disability which was causally related to an employment accident?
In order to recover workmen’s compensation benefits, plaintiff must show (1) an accident, (2) a disability, and (3) a causal connection between the accident and disability. Landry v. Benson and Gold Chevrolet, 398 So.2d 1262 (La.App. 4th Cir. 1981); Cormier v. Aetna Ins. Co., 368 So.2d 461 (La.App. 3rd Cir.1979), writ denied, 371 So.2d 620 (La.1979). The claimant must show more than a possibility that the disability was caused by or aggravated by the employment. Bruney v. City of Lake Charles, 386 So.2d 950 (La.App. 3rd Cir.1980); Quine v. Ideal Cement Co., 351 So.2d 1303 (La.App. 1st Cir.1977), writ denied, 353 So.2d 1035 (La.1978).
As in any other civil suit, the plaintiff in a workmen’s compensation case has the burden of establishing the disability and the causal relation between it and the accident by a preponderance of the evidence. Gremillion v. Babst Services, Inc., 418 So.2d 637 (La.1982).
In the-instant case, there is insufficient evidence that Bosley suffered an employment accident. A claimant is entitled to compensation benefits only where he has sustained “personal injury by accident arising out of and in the course of his employment.” LSA-R.S. 23:1031; Gremillion v. Babst Services, Inc., supra. The term “by accident” involves an examination of whether there is an accidental result or effect on the employee, rather than whether the disability had an accidental cause. Ferguson v. HDE, Inc., 270 So.2d 867 (La.1972). The evidence is not convincing that *18 there was an accidental injury to Bosley occasioned by exposure to radioactive chemicals. Bosley could not point to a specific instance where he came in contact with radioactive materials, and the investigations by OSHA failed to establish irregularities or incidents of radiation leaks or exposure to anyone. The medical testimony does not attribute his pancreatitis to exposure to radiation. The evidence more clearly reflects that the pancreatitis is the result of a viral infection, perhaps mumps.
In Prim v. City of Shreveport, 297 So.2d 421, 422 (La.1974), the Supreme Court stated:
“Although procedural rules are construed liberally in favor of workmen’s compensation claimants, the burden of proof, by a preponderance of the evidence, is not relaxed. Thus, the testimony as a whole must show that more probably than not an employment accident occurred and that it had a causal relation to the disability. If the testimony leaves the probabilities equally balanced, the plaintiff has failed to carry the burden of persuasion. Likewise, the plaintiffs case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture.” (Citations omitted)
The preponderance of the evidence refutes plaintiffs theory that exposure to radiation played any part in his condition. There is simply no evidence of radiation exposure to this plaintiff, and there is no showing that plaintiff was injured by accident.
Because we find no merit in plaintiffs first assignment of error, we need not address the remaining issues.
For these reasons, the judgment of the trial court is affirmed at plaintiffs cost.
AFFIRMED.