FRUGÉ, Judge.
Plaintiff-appellant filed this suit to recover benefits under the Louisiana Workmen’s Compensation Law. Following a trial on the merits, judgment was rendered in favor of defendant. This appeal followed.
The appellant, John Nelson Fontenot, alleges that on October 20, 1969, three days after he began working for the defendant, Roy Young, Inc., he was using a wrench to tighten a bolt, when the wrench slipped, causing him to aggravate a pre-existing back condition. The next day, October 21, plaintiff started to go to work but decided that his back, which was stiff when he arose, was too stiff to allow him to work and that he would see a doctor. It was not until some time later, when Fontenot went to get his check for the time he had worked, that he filled out an accident report.
Appellant’s medical history revealed that prior to the alleged accident on October 20, 1969, he had suffered two previous back injuries. In May of 1969, a lumbar myelo-gram was performed “ * * * which revealed a large pencilled herniated disc nodule.” Tr. 82. On the basis of his findings, the doctor recommended surgery and informed Fontenot that he could no longer perform heavy labor on a continued basis, for the reason that he had a ruptured disc. Tr. 82, 83.
It is appellee’s contention that Fontenot was disabled at the time he began work for appellee, and that his condition has not changed from what it was in May of 1969. Dr. R. Luke Bordelon, an orthopedic surgeon, testified at the trial as follows:
“Q. He was pretty bad off then in May of 1969, was he not ?
“A. Well, he had symptoms and he had X-ray findings consistent with a central disc, ruptured disc.
“Q. And those were the same symptoms you found again in November of 1969?
“A. That is correct.
“Q. How many months after was that?
“A. Six months.
“Q. Were there any more symptoms in November than there were in May?
“A. No.
“Q. So he still had the same disc from the last time you had seen him ?
“A. The symptoms were essentially the same and the physical examination was very much the same.
“Q. So you could find no evidence of him being any worse off in May.
“A. That is correct.”
Tr. 83.
The record reveals that an application for employment was signed by Fontenot on October 15, 1969. The application contains the statement that Fontenot has no physical *440 defects and has never been injured. Fonte-not acknowledged his signature on the application, but said he did not believe anyone had asked him about any injury. Darrel Pitre, an employee of Young, Inc., testified that he had asked Fontenot if he had any physical defects, or if he had ever been injured; that Fontenot replied he had no defects and had not been injured. Pitre further testified that he recorded Fontenot’s answers and asked him to sign the application, which he did.
The trial judge found, as a matter of fact, that the plaintiff had falsified this application, and further that he had failed to prove that an accident had occurred resulting in injury to him. The trial judge so found, even though he acknowledged that in cases involving claims for workmen’s compensation benefits, the strict rules applicable to an ordinary case are relaxed.
As was stated by this court in Miers v. Truck Insurance Exchange, La.App., 180 So.2d 559, 561: “The established rule is that the trial judge’s findings of fact, particularly those involving the credibility of witnesses testifying before him, are entitled to great weight, and his conclusions as to the facts will not be disturbed unless found to be clearly erroneous.”
We find no error in the trial judge’s determination. The evidence does not indicate that the plaintiff suffered an injury aggravating the previous condition while in the employ of the defendant. Plaintiff was totally disabled from doing heavy labor prior to the time he entered the employ of the defendant, and Dr. Bordelon testified that there were no objective symptoms indicating that any further injury had occurred or that his condition had worsened from what it was in May of 1969.
For the above and foregoing reasons, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.