306 So.2d 422 (1975)
Anita D. LeBLANC, Plaintiff-Appellee,
v.
MANGEL'S OF LOUISIANA, INC., et al., Defendants-Appellants.
No. 4825.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1975.
Rehearing Denied February 5, 1975.
Writ Refused April 11, 1975.
*423 Davidson, Meaux, Onebane & Donohoe by Robert M. Mahony, Lafayette, for defendants-appellants.
Edwards, Stefanski & Barousse by Homer E. Barousse, Jr., Crowley, for plaintiff-appellee.
Before FRUGÉ, DOMENGEAUX and WATSON, JJ.
FRUGÉ, Judge.
This is a workmen's compensation suit in which the plaintiff, Anita LeBlanc, seeks to recover workmen's compensation benefits for total and permanent disability which she alleged to be due her as the result of injuries sustained by her on June 24, 1972, while in the employ of Mangel's of Louisiana. Defendants are the plaintiff's employer, Mangel's of Louisiana, Inc. and its workmen's compensation insurer, Great American Insurance Company. After trial judgment was rendered for the plaintiff, and the defendants appealed. We affirm.
The plaintiff filed her action for workmen's compensation benefits on March 21, 1973, in which she alleged that on June 24, 1972, she sustained an injury to her lower back while stooping to pick up a box of merchandise while working in the defendant's store in Crowley, Louisiana. She alleges that she felt a sharp pain in her back and could not arise from the position she was in for some time. The testimony of a fellow employee is to the effect that she heard the plaintiff cry out, and that after she had arisen from the position in which she was when she injured her back the plaintiff was unable to move about freely for some time.
Defendants allege that on the 24th of June, the plaintiff did not sustain a new injury but sustained possibly an aggravation to an injury which she had previously sustained on June 23, 1971.
The record indicates that the plaintiff has had a history of chronic back complaints dating back into the early 1950's for which problem she has sought medical attention on various occasions. The plaintiff had some difficulty with her back on June 23, 1971, while opening the safe at the store. The reports of three doctors who examined the plaintiff in the latter months of 1971 are in agreement that the plaintiff suffered some involvement of the paravertebral muscles (L4, L5 and S1) at that time. One of the doctors' reports indicated the possibility of disc herniation. Another indicated in his findings that he suspected that the plaintiff would wind up with clinical findings of a ruptured intervertebral disc. Another doctor examined the plaintiff and found in a 1971 examination that she had suffered from a possible ruptured lumbosacral disc and suggested that she undergo a myelogram to determine whether or not she had sustained a ruptured disc. This myelogram was never performed.
*424 Subsequent to the alleged accident in June of 1972, the plaintiff was seen by Dr. Harmon, who had seen her in 1971. He prescribed physical therapy for the plaintiff and found as of September of that year that the plaintiff was in substantial pain in the lower back which pain radiated into the right leg. At the time he felt that she had a ruptured lumbosacral disc and that she was not capable of working without substantial pain. Dr. Meuleman, who had also examined the plaintiff in 1971, again examined the plaintiff in February of 1973 at which time he was of the opinion that she had ruptured a disc in the area of L4 and L5, and that a myelogram would be necessary in order to establish the same with certainty. He also was of the opinion that the injury sustained by the plaintiff in 1972 rendered her incapable of performing the duties of her former employment.
At the time of the alleged accident the plaintiff was manager of the Mangel's store in Crowley, and her work consisted of helping unpack merchandise, moving clothes from racks, waiting on customers, climbing ladders to place boxes on shelves, and doing all the book work required in the store. She testified that following the accident on June 24, she could only act in a supervisory capacity because of her back pain which reduced her ability to remain on her feet for long periods of time and carry things from racks and shelves in the store.
The trial judge was of the opinion that the plaintiff sustained an injury on the job on June 24, 1972, and that the injury suffered disabled her in such a manner that she was totally and permanently disabled. The trial judge denied the plaintiff's claim for penalties and attorney's fees for failure of the defendant to pay compensation benefits, because he found that the action of the defendant in denying the claim was not arbitrary and capricious in view of the fact that there was a legitimate dispute as to the cause of the disability of the plaintiff.
An alternative allegation by the defendants was that if the court found the plaintiff to be in fact disabled, they should be given credit for all wages paid to the plaintiff since the date of the accident, because the plaintiff allegedly was not doing the job that she had been doing prior to and up to the date of the accident. Initially, the court granted this credit because it found that the plaintiff was unable to do the work that she had been doing previously. She could only operate in a supervisory capacity. Following the entry of a formal judgment, both the defendants and the plaintiff moved for a new trial and after consideration the trial court granted a new trial to the plaintiff on the question of whether or not the defendants were entitled to a credit for wages paid to the plaintiff in lieu of compensation. The court then held that the defendants were not entitled to credit, and the judgment was modified accordingly. From that judgment, the defendants perfected a suspensive appeal and the plaintiff answered the appeal asserting that the court erred in not awarding the plaintiff penalties and attorney's fees.
The first question with which we must deal is whether the plaintiff sustained an accident on June 24, 1972. The defendants argue on appeal that the only evidence of an accident occurring on that date consisted of the testimony of the plaintiff and her co-employee, Mrs. Armand. The argument is made that these witnesses are not credible and that therefore there is insufficient evidence of an acccident to sustain the plaintiff's burden of proof. The credibility of the plaintiff is attacked by the defendants with evidence that, as manager of the store, she was charged with the responsibility of reporting to the company and its insurer accidents sustained by employees while in the course and scope of their employment. In filling out the Employer's First Report of Injury, a copy of which was introduced into evidence as plaintiff's Exhibit-1, the plaintiff wrote that there were no witnesses to her accident. She *425 also stated in her deposition that there were no witnesses to the accident. But on the date of the trial the plaintiff produced Mrs. Armand who testified that she was a witness to the accident. The defendants contend that this is sufficient impeachment of the credibility of the plaintiff to require more proof that an accident did in fact occur on the date in question.
The plaintiff's explanation for her failure to list Mrs. Armand as a witness to the accident is that she was unaware that anyone had seen the accident. Later, when she found out that Mrs. Armand had witnessed the accident, she was unwilling to involve her in any litigation that might result. The trial judge apparently was not impressed with the attempt on the part of the defendants to impeach the plaintiff, and chose to believe her testimony with regard to the occurrence of the accident. We find no error on the part of the trial judge in this respect.
The next question is whether the plaintiff is disabled as a result of the accident of June 24, 1972, or whether the plaintiff's disability is the result of a disability which preexisted that date. The defendants contend that the medical evidence adduced at trial indicates that the plaintiff was suffering from a ruptured intervertebral disc prior to the date of the alleged accident of June 24, 1972, and that there is no causal connexity between the accident on that date and the plaintiff's back condition and resulting disability. The defendants argue that this case is similar to that of Fontenot v. Roy Young, 240 So.2d 438 (La.App. 3rd Cir. 1970). In that case, the claimant alleged that three days after he began working for the defendant, a preexisting back condition was aggravated while he was using a wrench to tighten a bolt. The plaintiff's medical history revealed that he had suffered two previous back injuries. The trial judge found as a matter of fact that the plaintiff had falsified an application for employment by stating that he had never been injured and that he had no physical defects. Prior to his employment by the defendant, the plaintiff had been advised by a doctor that surgery was needed and that he could no longer perform heavy labor on a continuous basis because of a ruptured disc. In the present case, the plaintiff has been employed by the defendants for a number of years and has never been advised that her back condition would hinder her ability to work for her employer. Although the injury sustained in 1971 prevented her from working for a period of time, she was able to go back to work and able to perform all the duties required of her by her employer. The record indicates that before June 24, 1972, the plaintiff was able to perform her duties, and that following the accident on that date she was no longer able to do so. We therefore resolve this second question in favor of the plaintiff and find no error in the trial court's decision on this point.
The next issue with which we must deal is whether the defendants are entitled to credit for the wages paid the plaintiff since the date of the alleged accident against the compensation which the court found due to her.
As discussed above, the plaintiff's duties included that of manager of the store in Crowley and all the supervisory work connected therewith, plus the unpacking of the merchandise, moving clothes from rack to rack, waiting on customers, and climbing on ladders to place boxes. She testified that after the accident she could only act in a supervisory capacity because of her back pain and leg pain which hindered her from standing for long periods of time. Mrs. Armand also testified that the plaintiff was not able to do all of her work after the accident and was only able to supervise the employees in the store.
Initially the court granted the defendants credit for the wages paid the plaintiff in lieu of compensation, finding that the duties of the plaintiff had been changed since her injury but that her wages had continued to be the same. A new trial was *426 granted on this particular issue, and the trial judge later denied the defendant credit for wages paid in lieu of compensation without giving written reasons for the change in the judgment.
The basic test in Louisiana for determining whether wages are paid in lieu of compensation is whether the wages paid after the injury are actually earned. Lindsey v. Continental Casualty Company, 242 La. 694, 138 So.2d 543 (1962); Madison v. American Sugar Refining Company, 243 La. 408, 144 So.2d 377 (1962). This issue depends on the facts of each case. Madison v. American Sugar Refining Company, supra; Francis v. Kaiser Aluminum and Chemical Corporation, 225 So.2d 756 (La. App. 4th Cir., 1969); Daigle v. Liberty Mutual Insurance Company, 205 So.2d 507 (La.App. 3d Cir., 1968). No inference arises that wages were paid in lieu of compensation from the fact that the work performed after the accident was lighter or dissimilar from that done prior to the accident. Ledoux v. William T. Burton Company, 171 So.2d 795 (La.App. 3d Cir., 1965). Although the plaintiff's duties had changed somewhat since the accident, there is no indication in the record that her employer was paying her gratuitously. She was paid by her employer in consideration for remaining as the manager of the defendant's store in Crowley. We find no error in the decision of the trial court on this issue.
The final question before the court is presented by the plaintiff's answer to the appeal in which she alleges that error was committed on the part of the trial judge by his failure to award penalties and attorney's fees to her. In his written reasons for judgment the trial court determined that there existed a valid dispute between the plaintiff and the defendants concerning the cause of the disability of the plaintiff. The record supports this conclusion. The reports of Dr. Kubala and Dr. Gilly, written in 1971, indicate that at that time the plaintiff had suffered a disabling injury. The defendants were justified in relying on this information when they alleged that the plaintiff's disabilities were the result of an injury that took place prior to June 24, 1972. These facts reasonably support the existence of a valid dispute between the plaintiff and the defendants in this case, and for this reason no penalties or attorney's fees should be assessed.
For the reasons assigned, the judgment of the trial court is affirmed in all respects. All costs of this appeal are assessed against the defendants.
Affirmed.