WATSON, Judge.
This is a workmen’s compensation suit brought by Tommy Burlew, a heavy equipment mechanic employed by Central Louisiana State Hospital, against his employer’s compensation insurer, Houston General Insurance Company, in which the trial court awarded total and permanent benefits; denied credit to the insurer for wages paid; and declined to give penalties and attorney’s fees to plaintiff. It is agreed that Burlew’s work was hazardous and his compensation rate $65 per week.
On March 24, 1975, Burlew was attempting to bolt together the engine and transmission assembly of an asphalt roller at the shop of Central Louisiana State Hospital when he sustained a twisting type injury to his low back. He immediately reported the injury, completed an accident report and was referred to Dr. Kingsley, an orthopedic surgeon of Alexandria, who examined and x-rayed him. After a few days of rest at home, Burlew was admitted to Rapides General Hospital and put in traction for a period of time. After leaving the hospital, he was fitted with a back brace by Dr. Kingsley.
On May 9, 1975, Burlew was given a slip by Dr. Kingsley (a photocopy was admitted into evidence as D-l), which originally read as follows:
“This patient has recovered sufficiently enough to return to light work. He is not being discharged at this time though.”
It was signed by D. M. Kingsley, M.D. However, some unidentified person crossed out the word “light” and placed the initials “E.R.F.” near the crossed out word. In addition, a physician in the employ of Central Louisiana State Hospital, Dr. Allen, endorsed on the slip:
“5/12/75 May return to full duty today. J. W. Allen, M.D.”
On May 12, 1975, Burlew, still wearing his back brace, returned to work but assumed only light duties. The defendant terminated compensation benefits, apparently on the basis of the slip of paper signed by Dr. Kingsley and Dr. Allen.
After trial on the merits, the trial court awarded total and permanent benefits in *1303 the amount of $65 per week for 500 weeks subject to a credit for compensation previously paid. Judgment was also awarded for statutory medical expenses subject to a credit of $1100.52 previously paid.
The trial court declined to give credit to defendant for wages paid to Burlew from the day he returned to work until January, 1976 when he was promoted to fleet superintendent. Also, the trial court declined to award Burlew penalties and attorney’s fees, holding that the termination of benefits was not arbitrary or capricious.
Burlew was also examined by Dr. Homer Kirgis of New Orleans, who diagnosed a ruptured disc.
Three issues must be considered on appeal:
(1) Did the trial court correctly award total and permanent benefits?
(2) Should the trial court have given defendant credit for wages paid in lieu of compensation?
(3) Did the trial court err in denying an award for penalties and attorney’s fees?
DISABILITY
The trial court based its award of compensation on the testimony by deposition of Dr. Kingsley and Dr. Kirgis. In summary, Dr. Kingsley believes that Bur-lew’s present complaints of pain result from a congenital arthritic condition although he is uncertain and would like to perform a myelogram. Dr. Kirgis believes that plaintiff’s back trouble is due to a damaged disc.
The trial court correctly held that the evidence establishes total and permanent disability, noting that it is impossible to attribute part of plaintiff’s disability to his accident and part to an arthritic condition, citing Johnson v. Travelers Insurance Co., 284 So.2d 888 (La., 1973). We find no error in this conclusion.
CREDIT FOR WAGES PAID
Defendant has answered the appeal, asking that the judgment be modified to allow credit in the amount of $1,950 for wages paid in lieu of compensation benefits for the period from May 12, 1975 until January, 1976.
The law relative to credit for wages is summarized in LeBlanc v. Mangel’s of Louisiana, Inc., 306 So.2d 422 (La.App. 3 Cir. 1975), where Judge Frugé wrote as follows:
“The basic test in Louisiana for determining whether wages are paid in lieu of compensation is whether the wages paid after the injury are actually earned. Lindsey v. Continental Casualty Company, 242 La. 694, 138 So.2d 543 (1962); Madison v. American Sugar Refining Company, 243 La. 408, 144 So.2d 377 (1962). This issue depends on the facts of each case. Madison v. American Sugar Refining Company, supra; Francis v. Kaiser Aluminum and Chemical Corporation, 225 So.2d 756 (La.App. 4th Cir., 1969); Daigle v. Liberty Mutual Insurance Company, 205 So.2d 507 (La.App. 3d Cir., 1968). No inference arises that wages were paid in lieu of compensation from the fact that the work performed after the accident was lighter or dissimilar from that done prior to the accident. Ledoux v. William T. Burton Company, 171 So.2d 795 (La.App. 3d Cir., 1965). Although the plaintiff’s duties had changed somewhat since the accident, there is no indication in the record that her employer was paying her gratuitously-”
306 So.2d 426.
The situation of Burlew is analogous to that of LeBlanc. He was assigned lighter duties but he earned his wages, according to the conclusion of the trial court. (TR. 28). We find no error.
PENALTIES AND ATTORNEY’S FEES
To determine whether the termination of weekly benefits by the defendant was arbitrary and capricious, it is necessary to refer to the testimony of James R. Brooks, claims manager for State Adjusters, the only witness for the defendant. Brooks testified that payments were terminated in May, 1975 on the basis of the slip previously *1304 described which originated in Dr. Kingsley’s office. However, Brooks admitted that he did not handle the claim, which was handled by a Lloyd Albright, now living in Arizona (TR. 78). Brooks also admitted knowing that Dr. Allen at Central Hospital has an administrative job, and that Dr. Kingsley was Burlew’s treating physician.
Brooks further admitted that the slip said “light” work before it was altered. (TR. 81) The file of the insurance company did not reflect that anyone- contacted Dr. Kingsley to ascertain that plaintiff was being returned to full duty, and Brooks testified specifically that his company did not have any reason to believe that Dr. Allen had examined or treated Burlew.
The only possible conclusion from Brooks’ testimony is that the defendant insurer halted payment of Burlew’s weekly compensation benefits with the knowledge that Burlew had been returned only to light duties without being discharged by Dr. Kingsley. Under these circumstances, as a matter of law, the cessation of payment of weekly compensation benefits was arbitrary and capricious, subjecting defendant to payment of penalties and attorney’s fees. Trahan v. Rockwood Insurance Company, 284 So.2d 659 (La.App. 3 Cir. 1973); Chavis v. Maryland Casualty Company, 307 So.2d 663 (La.App. 3 Cir. 1975), writ refused 310 So.2d 854 (La., 1975).
Penalties are due on payments not made from May 14, 1975 (date of termination) to January 1,1976 (date Burlew was promoted to Fleet Supervisor). An attorney’s fee of $3,500 would be appropriate, considering the nature of the case, the skill of counsel, the time apparently involved and the result achieved. The fee includes services both at trial and on appeal. Cf. Williams v. Liberty Mutual Insurance Company, 327 So.2d 462 (La.App. 3 Cir. 1976).
Therefore, the judgment of the trial court awarding total and permanent benefits is affirmed; the judgment of the trial court refusing to give credit for the payment of certain wages in lieu of compensation is affirmed; but the judgment of the trial court denying an award for penalties and attorney’s fees is reversed.
The judgment of the trial court is amended as follows:
It is ordered, adjudged and decreed that there be additional judgment in favor of Tommy Burlew, plaintiff, and against Houston General Insurance Company, defendant, in the amount of 12% of all weekly workmen’s compensation payments due and payable from May 14, 1975 until January 1, 1976 plus an attorney’s fee in the amount of $3,500.
Costs of the appeal are taxed against defendant.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.