This is a compensation suit in which plaintiff, an employee of the Department of Streets and Parks of the City of Shreveport, claims to have sustained disability as the result of injuries suffered in an accident on or about the 20th day of June, 1942. On the date set forth, while preparing to draw a bucket of hot tar from a drum, in which the liquid was being heated, the pressure within the drum caused the stream of tar to burst forth with such violence as to strike petitioner in the face and body, causing burns about the face and eyes.
The only dispute connected with the case involves the rate of pay and the character and extent of the injuries suffered.
After trial the district Court gave judgment in favor of plaintiff at the rate of $7.80 per week for a period of 10 weeks, subject to a credit of $9, and plus the sum *Page 386 
of $29 as medical expenses, from which judgment defendant appeals. Plaintiff answers the appeal, praying that the judgment appealed from be amended by disallowing the credit of $9 and by increasing the amount of the witness fee allowed plaintiff's expert.
The injuries complained of by plaintiff consist of burns upon the face, allegedly causing severe soreness of the skin of the face, particularly when exposed to light and heat, the breaking out of follicular nodules, and a hemorrhagic and photosensitive condition of the eyes, all of which caused severe pain. Recovery from the injuries and disabilities complained of is admitted by plaintiff, such admission being announced before the beginning of the taking of testimony on trial of the case, and the period of disability, accordingly, is limited as between the dates of June 20, and August 29, 1942, the latter date being the date upon which plaintiff was discharged by his physician as able to return to work.
The burden of the defense is to the effect that the condition suffered by plaintiff could have been the result of syphilis. The existence of this disease is admitted, but the defendant failed to establish the fact that the condition was the result of syphilis. We are impressed with the testimony of the medical expert who testified for plaintiff to the effect that the skin and eye conditions were expected results from the injuries received.
The trial Judge found the facts in favor of the plaintiff and gave judgment as above set forth. We find no error in his conclusion as to the facts, and an examination of the record convinces us of the correctness of his estimate of the evidence.
As to the rate of compensation, it was shown that plaintiff was paid at the rate of twenty-five cents per hour, and that he worked eight hours per day. It is well established that, for the purposes of compensation, in cases of this character, a six-day week is accepted as the basis. There is no evidence indicating that there was any special contract basing the employment upon a shortened week, nor is there any plea thereof, the only pleading of defendant alleging that the average weekly wage did not exceed $8.60. The case of Ricks v. Crowell Spencer Lumber Co., La.App., 189 So. 466, is authority for computing the weekly wage of an employee, for compensation purposes, on the basis of a six-day working week, despite the fact that the employee may normally have worked a less number of days per week.
The only error which we find in the judgment concerns the allowance of $9 as a credit against the compensation allowed. We do not find any evidence in the record which would indicate that the $9 claimed to have been paid in two installments of $3 and $6, respectively, was intended as compensation. In the absence of definite proof of this claim, the credit should not have been allowed.
For the reasons assigned, the judgment appealed from is amended by disallowing the credit of $9 accorded defendant upon the judgment rendered, and as amended, the judgment is affirmed.