HARDY, Judge.
Plaintiff instituted this suit against the City of Monroe praying for a declaratory judgment pronouncing certain laws of the said municipality to be unconstitutional, ultra vires, null and void, or ineffectual in attempting to regulate the opening and closing hours of non-profit sharing private club corporations with respect to the serving and consumption of alcohol. Made a nominal party defendant was the Honorable Jack Gremillion, Attorney General of the State of Louisiana, who by answer submitted the matter to the court. From a judgment in favor of defendant, City of Monroe, sustaining exceptions of no cause, no right of action and nonjoinder of an indispensable party, plaintiff prosecutes this appeal.
*306 The recitals of plaintiffs’ petition disclose that he is a citizen and property-owner of the City of Monroe and the owner of certain described real estate which he leased to an enterprise known as Woody’s Private Club, Inc.; that the City of Monroe adopted certain amendments to the City Code prohibiting the operation of establishments serving alcoholic beverages after the hour of 12:00 o’clock, midnight; that as a result of this restriction plaintiff’s lessee cancelled its lease, which document, together with the ordinances complained of, was attached to and made a part of plaintiff’s petition.
Defendant’s exception of no cause of action is predicated upon the contentions that the case does not present a justiciable controversy; that the issue requires solely an advisory opinion; that the ordinances in question are valid and proper exercises of the City’s police power and apply to plaintiff’s lessee regardless of its status as a nonprofit organization.
The exception of no right of action is directed at the fact that plaintiff’s petition does not assert any real or actual interest in this action, which interest is vested in Woody’s Private Club, with which plaintiff does not allege any connection, and that the lease between plaintiff and the said private club does not contain any guaranty as to the right of operation of the latter during or between any specific hours and is therefore unaffected by the City ordinance.
The exception of non-joinder of an indispensable party relates to the failure to join Woody’s Private Club, which'defendant municipality contends is the real party at interest.
It is our opinion that almost without exception each and every one of the points made in support of defendant’s exceptions are valid and sufficient to defeat plaintiff’s action. However, for the purpose of this opinion we will notice only those questions of primary and essential importance.
We think it is now established by the jurisprudence of this State that our courts will not entertain an action for declaratory relief unless and until the question presented is real and not theoretical, the ground for this pronouncement being that courts are not required under the Declaratory Judgment Act to give advisory opinions upon abstract questions; Tugwell v. Members of Board of Highways, 228 La. 662, 83 So.2d 893; State v. Board of Supervisors, Louisiana State University, etc., 228 La. 951, 84 So.2d 597.
The instant case appears to be a classic example of an issue which can only be described, with respect to a declaratory judgment, as academic and theoretical. Plaintiff has completely failed to show the existence of any justiciable controversy between himself and the City of Monroe. The only substance to plaintiff’s petition, construing every allegation thereof most favorably, appears to be that plaintiff’s lessee has been compelled to close down its operations as to the serving and consumption of alcoholic beverages at mignight and on Sundays ; that this compulsion has been effected by certain ordinances of the City of Monroe, and that, by reason thereof, plaintiff has lost his tenant and the monthly rental stipulated under the lease agreement. None of these allegations is sufficient to vest plaintiff with either a cause or right of action in view of the fact that an examination of the contract of lease fails to disclose its continuance in effect as being dependent upon the right to sell alcoholic beverages for consumption during any given period, day or night, or upon any specified days of the week. Most destructive of plaintiff’s averments of any interest or right to a declaratory judgment is the specific provision of the contract of lease to the effect that either party is permitted to cancel the same by giving sixty days notice in writing “ * * * as this lease is only a monthly lease.”
Counsel for plaintiff-appellant relies primarily upon the authority of Theodos v. City of Bossier City, La.App., 106 So.2d *307 851 (2nd Circuit, 1958, writs denied). We find not the slightest similarity between the facts or the right to relief in the cited case and the instant matter. In the Theodos case the action for a declaratory judgment was instituted by plaintiff as owner and operator of the establishment which was directly and, allegedly, prejudicially affected by ordinances involved and the enforcement thereof.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.