SAVOY, Judge.
This is a compensation suit. Plaintiff received an injury to his eye while in the course and scope of employment. He filed suit against his employer for total and permanent disability at the maximum rate allowed under the compensation act. Defendant admitted the accident and stated that he had paid compensation for a period of seven weeks, and that at that time plaintiff’s treating physician had discharged plaintiff as being able to do the same work that he did prior to the accident; that plaintiff did not allege in his petition disfigurement or that the usefulness of a physical function is seriously permanently impaired and that the judgment should be reversed. After a trial on the merits, the district judges awarded plaintiff compensation for 100 weeks at $49.00 per week under the provisions of LSA-R. S. 23:1221. Defendant appealed.
The record reveals that plaintiff was injured while in the employ of defendant on July 2, 1971, when he was hit in the right eye and nose by the clutch lever on the pumping unit. He was seen by Dr. T. L. Tannehill, a general practitioner, who referred him to Dr. Philip M. Laborde, an eye specialist. Dr. Laborde first saw plaintiff on July 21, 1971. Plaintiff had received a laceration about the right eye and complained of blurring and discomfort in the eye.
*794 Upon examination, the doctor found the left eye to be normal. The right eye was slightly red and the eyelid was slightly drooped. There was a certain amount of vitreous (a jelly-like fluid that is normally located in the back cavity of the eye) in the anterior chamber of the eye. The vitreous was out of place and came forward into the front cavity of the eye. The doctor stated that the reason it came forward was because the lens of the eye was slightly dislocated. On August 4, 1971, the doctor re-examined plaintiff and found he had developed a borderline case of glaucoma in the right eye. He attributed this condition to the accident. Plaintiff was asked to return in one month. Plaintiff was again examined on September 3, 1971, and the pressure in the right eye had returned to normal, and plaintiff was advised to return to work on that date. He did state that on that date plaintiff had a slightly dislocated lens and the vitreous in the anterior chamber. This the doctor stated was a permanent defect. Plaintiff was seen on October 14, 1971, and because of the pressure in the right eye the doctor was of the opinion that plaintiff developed a traumatic glaucoma, and he began treatment for that condition. The doctor did not think this was a deterrent to his working as long as he used the prescribed eye drops. Plaintiff was last seen on November 15, 1971, when a visual field test was made. This test measures the peripheral vision.
In argument and brief counsel states the district court judgment should be reversed because plaintiff did not pray for compensation for disfigurement, or where the usefulness of a physical function is seriously permanently impaired.
Under the liberal construction given the compensation act, we are of the opinion that the petition for permanent compensation would include a lesser award and that the district judge could, under the allegations and prayer of the petition, make such an award if the evidence justified same.
The district judges granted judgment under LSA-R.S. 23:1221(4) (p).
The above statute provides:
“(p) In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and as in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty five per centum of wages during one hundred weeks.”
We are of the opinion that the district judge correctly awarded compensation under the above-quoted section of the workmen’s compensation act. Dr. Laborde testified that due to plaintiff’s work-connected injury, there is a 20% loss of vision of his right eye due to the dislocation of the lens and vitreous material, and this loss is permanent and cannot be'corrected.
In addition to the above, Dr. Laborde concluded that because of the accident, plaintiff developed traumatic glaucoma which necessitates medication to be inserted in the eye every day.
For the reasons assigned, the judgment of the district court is affirmed.
Defendant to pay costs of this appeal.
Affirmed.