308 So.2d 287 (1975)
Eugene CASTON, Plaintiff-Appellee,
v.
COMBINED INSURANCE COMPANY OF AMERICA et al., Defendant-Appellant.
No. 10113.
Court of Appeal of Louisiana, First Circuit.
February 10, 1975.
Rehearing Denied March 10, 1975.
R. W. Williams, Jr., Baton Rouge, for defendant-appellant.
Roy Maughan, Baton Rouge, for plaintiff-appellee.
Before SARTAIN, ELLIS and de la HOUSSAYE, JJ.
*288 SARTAIN, Judge.
Defendant All Truck Parts & Equipment Company, Inc. brings this appeal from judgment holding it liable to plaintiff, Eugene Caston, for workmen's compensation benefits in the amount of $49.00 per week for the period commencing February 28, 1972 until June 6, 1972, as well as medical costs, penalties and attorney fees. We affirm for the following reasons.
We note at the outset it is not disputed that plaintiff suffered temporary total disability due to an injury sustained by him in the scope of his employment on or about February 28, 1972. The fact that plaintiff was struck in the groin by a tree he was cutting for his employer is unchallenged. The only issues raised on this appeal are the duration of plaintiff's disability, credit vel non for possible payments previously made to plaintiff, and the propriety of the allowance of penalties and attorney fees.
Defendants' first contention is that plaintiff did not establish by preponderance of the evidence the duration of his disability. The trial judge fixed this period from the date of the accident, February 28, 1972, until the date of discharge on June 6, 1972, by plaintiff's treating physician, Dr. Alvin C. Williams. Dr. Williams testified that he saw plaintiff several times during the course of his recovery, the first appointment occurring on March 2, 1972. At that time he found contusions of the groin and strain of the lumbrosacral spine. He felt plaintiff was unable to work and would be off perhaps five or six weeks. On March 7, 1972, he saw plaintiff again and found him unchanged.
Dr. Williams saw plaintiff a third time on March 28, 1972. The record reflects the following testimony relative to this appointment:
"Q What were the complaints on March the 28th?
A His complaints were the same at that time; however the findings were minimal. In other words it was questionable whether or not there was any tenderness remaining; however, he was still complaining.
Q When you say tenderness, in the groin or in the back?
A In either place, it didn't impress me that there was much left.
Q Was it your opinion that he was able to go to work at that time?
A Objectively, I would have said yes. However, he was still complaining, so I said to continue off until he felt better.
Q Did you examine him again?
A That was the last time that I examined him.
Q For what period would you fix his disability as the result of this accident?
A Well, he came in on June the 6th, and at that time he wanted some papers filled out, and said he wanted to go back to work. So, I fixed his disability up through June 6th, 1972. From February 28th, when the accident happened through June the 6th, 1972."
Defendant objects to June 6 as the termination date of the disability. Apparently this objection is rooted in the fact that this date was for the most part actually determined by the plaintiff himself, for that was the date plaintiff decided he could return to work. It is obvious from the record that there is no corroborating medical testimony with respect to the extent of plaintiff's injury beyond March 28.
The issue thus resolves itself into one of sufficiency of the evidence of injury duration when that evidence is based solely on the testimony of the plaintiff to establish the latter stages of his convalescence. In Williams v. Texsun Supply Corporation, 47 So.2d 93 (La.App. 1st Cir. 1950), this court in determining the duration *289 of the claimant's disability (whether temporary or permanent) stated at page 98:
"Generally a plaintiff in a compensation case must prove his claim by a preponderance of the evidence. This rule is now so firmly imbedded in our jurisprudence as to admit of no question.
In the instant case, plaintiff contends that he is still suffering pains in his back.
* * * * * *
Conceding that the plaintiff has failed to prove his claim by a preponderance of the medical evidence, yet we are of the opinion that the testimony of plaintiff, though standing alone, is of sufficient weight to overcome whatever the medical testimony lacks. As stated before, the trial court was of the opinion that plaintiff's testimony was convincing that he was suffering pain. His final conclusion was that plaintiff was not a malingerer and had met the burden of proof by a preponderance of the evidence. It must be borne in mind that it is well established by our courts that a compensation claimant is not stigmatised as a malingerer in the absence of clear, convincing and conclusive proof. In our opinion, the facts in this case do not accord with such an idea." (Emphasis ours)
The trial judge in the present case obviously found plaintiff's testimony on this point convincing and we find no manifest error in that determination.
Plaintiff's position is further strengthened by defendant's failure to bear his own burden of proof. As pointed out in the Williams case, supra, it is well settled that a workmen's compensation claimant will not be deemed a malingerer in the absence of conclusive proof to the contrary. See also Williams v. Bituminous Casualty Corporation, 131 So.2d 844 (La. App., 2nd Cir. 1961). No testimony, medical or otherwise, was offered by defendant to establish that June 6 was not a valid termination date.
Turning to defendant's second contention that he should receive credit for certain payments made to plaintiff, we find again a failure of defendant in his burden of proof. On the question of credits in cases of compensation claims, the law is succinctly set forth in Chase v. Warren Petroleum Corporation, 168 So.2d 861 (La. App., 2nd Cir., 1964) wherein it is stated at page 864:
"Although we find no authority in the jurisprudence of this State which is directly in point, we do think there is ample authority for the conclusion that an employer is not entitled to a credit for any amount unless it was paid and received as compensation. The case which comes nearest paralleling the facts on this point is Rhodus v. American Employers Ins. Co. (La.App. 1st Cir., 1942), 9 So.2d 821. The court squarely held that the amount of a pension granted plaintiff by his employer could not be credited against compensation, and observed that it saw no connection between such a pension and workmen's compensation.
Other cases which sustain the same line of reasoning are Walters v. General Accident & Fire Assurance Corp. (La. App. 1st Cir., 1960), 119 So.2d 550; Pope v. Coney (La.App. 1st Cir., 1960), 119 So.2d 136; France v. City of New Orleans (La.App. Orl., 1957), 92 So.2d 473, and Haskett v. City of Shreveport (La.App. 2nd Cir., 1944), 17 So.2d 385. These cases held, respectively, that voluntary payments by an employer do not justify a credit against compensation in the absence of an express agreement to such effect between employer and employee; that medical payments in excess of statutory requirements do not justify the allowance of a credit against compensation in the absence of an agreement; that an amount received as representing an accumulation against sick leave is not to be considered as a credit against compensation, and that amounts paid to an injured employee are not allowed as credits against compensation in the absence *290 of definite proof that they were so intended." (Emphasis ours)
The record here is barren of evidence to establish what amount, if any, was paid to plaintiff, who may have paid it, or for what reason it had been paid. Defendant thus asks to grant a credit based on pure speculation. Such a request is obviously without merit.
Defendant's final contention is that the trial judge erred in assigning penalties and attorney fees. The record reflects that amicable demand was made in writing by plaintiff's attorney on defendant dated March 30, 1972. Such demand went unheeded by defendant despite the fact that defendant never contested the incident of injury, its causation, or its connection with defendant's business. We find no legal justification in the record for defendant's persistent refusal to pay any compensation, and we therefore agree with the trial judge's application of L.R.S. 23:1201.2.
For the above assigned reasons, the judgment of the trial court is affirmed with all costs of these proceedings cast against appellant.
Affirmed.