328 So.2d 923 (1976)
Ernest GONZALES
v.
COASTAL WIRE WAREHOUSE, INC., and Allied Tube Corporation.
No. 7447.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1976.
Rehearing Denied April 13, 1976.
*924 Tonry, Mumphrey & Dragon, Gary J. Dragon, Chalmette, for plaintiff-appellee.
Porteous, Toledano, Hainkel & Johnson, James L. Donovan, Paul M. Batiza, New Orleans, for defendants-appellants.
Before LEMMON, GULOTTA and STOULIG, JJ.
GULOTTA, Judge.
Defendants appeal from a judgment awarding plaintiff workmen's compensation benefits based on total and permanent disability. We amend and affirm.
Uncontroverted medical evidence, consisting of the testimony of a specialist in industrial medicine, an orthopedic surgeon and a neurosurgeon, established that plaintiff suffered a herniated lumbar disc resulting from an injury sustained while digging a ditch with a pickaxe during his employment as a warehouse supervisor. Approximately sixty percent (60%) of plaintiff's job involved moving heavy equipment, pipes and fence wire ranging in weight from 25 to 300 pounds and other heavy labor. According to the doctors, because of the injury, plaintiff is unable to return to work requiring heavy lifting (more than 25 pounds) or work requiring excessive bending or stooping. The medical experts were in agreement that plaintiff would be susceptible to reinjury and would endanger his health if he were returned to his preinjury occupation.
We find no merit to defendants' contention that plaintiff is not totally and permanently disabled because his injury has become asymptomatic. A residual condition is legally disabling and compensable if, as a result of injuries received in an accident, the possibility of a reoccurrence of the disabling condition upon a return to work is substantially increased. Mitchell v. Travelers Insurance Company, 136 So.2d 143 (La.App. 3d Cir. 1961); Finn v. Delta Drilling Company, 121 So.2d 340 (La.App. 1st Cir. 1960). In the instant case, plaintiff has become asymptomatic. However, he is susceptible to reinjury and might endanger his health if he were returned to his preinjury occupation. Under the circumstances, he is totally and permanently disabled.
However, defendants seek to attach significance to the fact that Dr. Kenneth E. Vogel, the neurosurgeon, and Dr. Russell J. Rawls, an expert in industrial medicine, last examined plaintiff approximately one year prior to the date of trial. According to defendants, in view of Dr. Kenneth L. Veca's, an orthopedic surgeon's, testimony that plaintiff's condition was improving, Dr. Vogel's and Dr. Rawls' testimony to the effect that plaintiff could not return to work without risking reinjury, should not be accorded a great deal *925 of probative weight because plaintiff's gradual improvement during the year prior to trial was not taken into consideration by these doctors in their final assessment of plaintiff's condition. This contention is considerably weakened by the fact that Dr. Veca, who examined plaintiff on the day prior to trial, testified that plaintiff could not perform his prior duties without the possibility of reinjuring himself. We find no merit to defendants' argument in this respect.
We are in agreement with defendants' contention that they are entitled to credit for salary payments. However, the employer is entitled to reimbursement on a week-to-week basis, not on a dollar-for-dollar basis, as claimed.
With respect to credit for salary payments made by the employer subsequent to the accident, the test is whether the wages were earned or were paid as a gratuity. See Francis v. Kaiser Aluminum & Chemical Corporation, 225 So.2d 756 (La.App. 4th Cir. 1960); Pender v. National Fire and Marine Insurance Company, 255 So.2d 95 (La.App. 3d Cir. 1971), writs refused, 260 La. 132, 255 So.2d 355 (1971), 260 La. 133, 255 So.2d 355 (1971) and 260 La. 134, 255 So.2d 356 (1971). Where wages are paid as a mere gratuity, as in the instant case, the employer is entitled to a credit against the amount of compensation payments owed. Although the weekly salary payments exceeded the weekly compensation payments to which the claimant was entitled, the employer was entitled to a credit on a week-to-week, rather than dollar-for-dollar, basis. See LSA-R.S. 23:1206; Futrell v. Hartford Accident & Indemnity Company, 276 So. 2d 271 (La.1973); Daigle v. Higgins Industries, 29 So.2d 374 (La.App.Orl.1947).
Defendants also claim a credit for payments made to plaintiff by a health and accident group insurer. With respect to these payments, if credit is to be afforded against workmen's compensation payments, defendants must show that they were intended as credits against compensation.
In Caston v. Combined Insurance Company of America, 308 So.2d 287 (La. App. 1st Cir. 1975), the court denied the employer credit against workmen's compensation benefits for accumulated sick leave payments. In Chase v. Warren Petroleum Corporation, 168 So.2d 861 (La. App. 2d Cir. 1964), no credit was allowed for voluntary pension payments made to an employee where no connection existed between pension and workmen's compensation benefits. The court stated that credit will not be allowed unless the amount was paid and received as compensation. Applying Caston and Chase to the instant case, we conclude that no showing was made by defendants either that the health and accident policy payments were made as compensation or that any connection existed between the payments and workmen's compensation benefits. No evidence was introduced to show whether the employer or the employee paid the health and accident, insurance premiums and the nature and extent of the coverage under the group policy. Under the circumstances, we conclude that defendants failed to carry the burden of showing that the health and accident policy payments were voluntary payments.[1] Accordingly, defendants are not entitled to a credit against compensation for payments made by the health and accident insurer.
The judgment of the trial court is amended to permit the employer a three week credit against the workmen's compensation benefits awarded. As amended, the judgment is affirmed.
AMENDED AND AFFIRMED.
LEMMON, J., concurs in part. LEMMON, Judge (concurring in part).
*926 I disagree with the implication in dicta that an employer may receive credit against compensation liability for benefit payments made by a health and accident insurer if the employer intended these payments as compensation or paid the policy premiums.
Credit in this case should be denied simply because the benefit payments under the health and accident policy were not "voluntary payments made by the employer" and thus did not qualify under R.S. 23:1206 as payments for which the employer is entitled to a credit. Those payments were made by the insurer (who was not the compensation insurer) because someone paid premium" and an enforceable obligation arose.
Furthermore, even if the employer paid the policy premiums, health and accident benefits are similar to retirement benefits, severance pay and other fringe benefits of employment, which are a form of earned compensation for services already performed under the employment contract, rather than a gratuity or voluntary payment dependent upon the arbitrary will of the employer.
NOTES
[1] See LSA-R.S. 23:1206.