MILLER, Judge.
Plaintiff Joyce Smith appeals the dismissal of her claim for workmen’s compensation benefits allegedly due from her former employer, defendant Louisiana-Pacific Corporation. We affirm in part and reverse in part.
On December 10, 1974, while trying to free a strip of wood veneer from a drying machine, Smith sustained an injury to the tip of the middle finger of her left hand. She suffered a crush-type fracture of the end of that distal phalanx and a small portion of the tuft of her finger was pinched *751 off. There was no displacement of the fractured tip of the finger. The loss of a portion of the tuft at the tip of her finger occurred at the time of the accident and was not related to the treatment.
Smith saw the treating physician sixteen times and on January 29, 1975 was discharged to return to full duty.
At her employer’s request and to prevent the accident from being listed as a “lost time” accident, Smith returned to work the day following the accident. She was unable to perform her usual work at the drying machine, but did utility work until she terminated her employment on January 13, 1975. She was paid at the hourly rate for drying machine operators rather than as a utility employee, and worked 72% of the available hours of employment from December 10, 1974 through January 13, 1975.
The medical testimony uniformly supports the trial court’s conclusion that as of January 29, 1975 Smith was able to return to work with no disability. Her hand grip and finger strength were not limited by the injury; there was no stiffness in the joints; Smith could feel and pick up items with security. The only residual problems found by her physician were an increased sensation in the tip of the injured finger and complaints of pain each time the finger was struck. She generally complained of pain in the finger and testified she had particular pain when she washed her hair.
Two issues are presented on appeal: 1) Did Smith suffer a permanent impairment and loss of a physical function as contemplated by LSA-R.S. 23:1221 (4) (o) and/or (p) ? 2) Is Smith entitled to workmen’s compensation benefits from December 10, 1974 until January 29, 1975, the date she had fully recovered from her injury?
There is no manifest error in the trial court’s rejection of Smith’s claim insofar as it was based on the alleged impairment of a physical function. Smith’s medical testimony supported the trial court finding that there was no serious impairment of her finger or hand. On that basis we distinguish Babineaux v. Great American Insurance Company, 245 La. 718, 160 So.2d 591 (1964), and Curry v. Vanantwerpen, 278 So.2d 793 (La.App. 3 Cir. 1973). As noted in Breaux v. Kaplan Rice Mill, Inc., 280 So.2d 923 at 925 (La.App. 3 Cir. 1973):
Applicable here is the rule that a claimant will not be held to be disabled within the meaning of the Workmen’s Compensation Act solely because he suffers some residual pain and discomfort when he attempts to work following a work-connected accident. The residual pain or discomfort in such a circumstance will be considered as being disabling only if it is substantial or appreciable pain.
With respect to the second issue, Louisiana-Pacific does not contend Smith was not entitled to compensation from December 10, 1974 until January 29, 1975. Instead it contends that wages paid to Smith after December 10, 1974 were paid in lieu of workmen’s compensation; that the wages paid were not “truly earned” because she returned to light duty to avoid reporting a “lost time” accident; and that she was performing lesser duties for the same hourly rate paid to drying machine operators. The hourly rate for utility employees does not appear in the record, but she had earned $2.80 per hour as operator of the drying machine. Louisiana-Pacific did not attempt to prove that utility workers were paid a lesser rate.
Louisiana-Pacific contends that when Smith voluntarily returned to work to avoid reporting a “lost time” accident, she agreed that wages were being paid in lieu of compensation. Caston v. Combined Insurance Company of America, 308 So.2d 287 (La.App. 1 Cir. 1975), was cited to support this argument. In Caston the court acknowledged that an employee could agree that wages were being paid in lieu of com *752 pensation, but found the facts did not support that defense. The same result is appropriate here.
For two reasons we find manifest error in the holding that Smith’s wages were paid in lieu of compensation: 1) Smith earned all wages paid to her after her injury, and 2) Wages were not paid to her during the entire period of her disability.
Firstly, Louisiana-Pacific placed in evidence Smith’s time sheets which show she was paid for hours actually worked. There is no suggestion in the record that Smith did not earn her wages. Since she earned her wages, they were not paid in lieu of workmen’s compensation. Madison v. American Sugar Refining Co., 243 La. 408, 144 So.2d 377 (1962); Lindsey v. Continental Casualty Company, 242 La. 694, 138 So.2d 543 (1962).
In Lindsey, supra, a farm equipment mechanic lost the vision in his right eye as a result of a compensable accident. His employer promoted him from mechanic to shop foreman at an increase in pay, and claimed wages offset compensation. The court acknowledged credit could be allowed in a proper case, but applied the basic test: were the wages paid after the injury actually earned? Seemingly contrary earlier decisions were distinguished on the basis that, under the facts of those cases, the wages paid were not fully earned. See Landry v. Ferguson, 264 So.2d 746 (La.App. 3 Cir. 1972), reversed on other grounds, 279 So.2d 185 (La.1973). That reasoning was also followed in Pender v. National Fire & Marine Insurance Company, 255 So.2d 95 (La.App. 3 Cir. 1971), where credit was given only for those wages paid as a gratuity, and in LeBlanc v. Mangel’s of Louisiana, Inc., 306 So.2d 422 (La.App. 3 Cir. 1975), where the injured claimant’s wages remained the same after the accident, even though her workload was lightened. No inference arises that wages were paid in lieu of compensation from the fact that the work performed after the accident was lighter or dissimilar from that done prior to the accident. See LeBlanc, 306 So.2d 422 at 426. See also Bourgeois v. Fireman’s Insurance Company of Newark, New Jersey, 316 So.2d 3 at 6 (La.App. 1 Cir. 1975), where the court stressed that the employer received substantial value for the wages he paid. The record in this case falls into that mold.
These cases illustrate the rule that a claimant may be disabled and still earn wages. To determine whether compensation is due, the test is whether the claimant is prevented from performing all the prior duties.
Secondly, Louisiana-Pacific paid no wages to Smith after January 13, 1975. Since she was unable to return to her prior employment until January 29th, she was at the very least entitled to compensation from January 13 to 29, 1975.
Since Smith earned her wages following the accident and was unable to return to her prior duties until January 29, 1975, Louisiana-Pacific is not entitled to credit for wages paid as against its obligation to pay workmen’s compensation benefits.
The trial court judgment taxing costs half to each party and denying total and permanent workmen’s compensation benefits is affirmed. The balance of the judgment is set aside and reversed. Joyce Smith is awarded judgment against defendant Louisiana-Pacific Corporation for workmen’s compensation at the rate of $65 per week for the period December 10, 1974 through January 29, 1975. Costs of this appeal are assessed half to each party.
AFFIRMED, in part; in part REVERSED and RENDERED.