350 So.2d 1320 (1977)
Douglas LEWING, Plaintiff-Appellee,
v.
VANCOUVER PLYWOOD COMPANY, INC., Defendant-Appellant.
No. 6141.
Court of Appeal of Louisiana, Third Circuit.
October 18, 1977.
*1321 Smitherman, Smitherman, Lunn, Hussey & Chastain by Merritt B. Chastain, Shreveport, for defendant-appellant.
Thomas & Dunahoe, by Marcia Thomas Pendleton, Natchitoches, for plaintiff-appellee.
Before HOOD, CULPEPPER and GUIDRY, JJ.
GUIDRY, Judge.
This is a workmen's compensation suit brought by Douglas Lewing against his employer, Vancouver Plywood Company, Inc. (hereafter referred to as Vancouver). The trial judge rendered judgment in favor of Lewing, declaring him to be totally and permanently disabled. He awarded compensation benefits in the amount of $65.00 per week beginning July 14, 1975 for 500 weeks, subject to a credit due Vancouver of $65.00 on a week for week basis for salary paid to Lewing following the date of his injury and full credit of $65.00 per week for such weekly compensation benefits as have already been paid to Lewing. The judgment also allows plaintiff travel expenses at the rate of $.15 per mile, and provides for seven per cent per annum interest on each past due installment from its due date until paid. Vancouver was cast to pay all costs, including expert witness fees. Defendant appeals from only that portion of the judgment which allows credit for unearned salary paid to plaintiff following his injury on a week for week basis instead of a dollar for dollar basis and from that portion of the judgment which allows Lewing $.15 per mile travel expenses. Lewing did not appeal the judgment.
*1322 The issues presented are whether the trial court erred in holding that Vancouver was not entitled to full credit for each dollar of unearned salary voluntarily paid to Lewing after the accident, and whether the trial court committed error in awarding Lewing travel expenses in the amount of $.15 per mile.
Lewing was injured while in the course and scope of his employment on July 14, 1975 when he was struck in the head by a 2" X 6" board. From July 14, 1975 through April 15, 1976, Vancouver paid Lewing his regular salary.[1] After the accident, plaintiff attempted to return to work for short periods of time from December 1, 1975 through February, 1976, but subsequently abandoned such attempts. After April 15, 1976, Lewing was paid workmen's compensation benefits at the rate of $65.00 per week until May 28, 1976, when payments were discontinued. In January, 1977, Vancouver brought the workmen's compensation payments up to date.
Louisiana's statutory scheme regarding voluntary payments made by an employer to an injured employee is set forth in LSA-R.S. 23:1206:
"Any voluntary payments made by the employer or his insurer either in money or otherwise, to the injured employee or his dependents, and accepted by the employee, which, by the terms of this act, were not due and payable when made, may, subject to the approval of the court, be deducted from the payments to be made as compensation; provided, that in case of disability, such deduction shall be made by shortening the period during which compensation shall be paid, and not by reducing the amount of the periodical payments."
When an injured employee returns to work and is paid his salary, in order to determine whether the employer is entitled to a credit for wages paid to the employee, it is necessary to ascertain whether or not the employee "actually earned" the wages. If the wages are actually earned by the employee the employer is not entitled to a credit for the amounts paid. However, the employer is entitled to a credit for wages if they were unearned, as they may be said to be in lieu of compensation. Whether or not wages are earned is a factual determination to be made in each case. LeBlanc v. Mangel's of Louisiana, Inc., 306 So.2d 422 (La. App. 3rd Cir. 1975, writ refused); Basco v. State, through Department of Corrections, 335 So.2d 457 (La.App. 1st Cir. 1976, writ denied); Burlew v. Houston General Insurance Company, 346 So.2d 1301 (La.App. 3rd Cir. 1977).
The trial judge apparently found the wages paid to Lewing for the short periods of time he returned to work were unearned, as credit was allowed to Vancouver for those periods. Presumably plaintiff does not take issue with this finding for he did not appeal. In any event we agree with the apparent conclusion of the trial judge that Lewing did not fully earn those wages.[2]Carpenter v. Employers Mutual Liability Insurance Co. of Wisconsin, 178 So.2d 486 (La.App. 1st Cir. 1965, writ refused); Bartholomew v. Ourso & Company, 234 So.2d 448 (La.App. 1st Cir. 1970). Accordingly, we determine that Vancouver is entitled to a credit for salary paid to Lewing after the date of the accident. We next consider the extent or amount of the credit to which defendant is entitled.
In his brief, counsel for Vancouver urges that credit should be allowed on a dollar-for-dollar *1323 basis rather than on a week-for-week basis as awarded by the trial court.
Our law is well settled that an employer is entitled to one week's credit for each week that he pays the injured employee a sum equal to or greater than the amount due the employee under our workmen's compensation laws. In order for the employer to be allowed credit for amounts paid in excess of the amount of compensation payments due, there must be an agreement between the employer and employee to that effect. Futrell v. Hartford Accident & Indemnity Company, 276 So.2d 271 (La.1973); Walters v. General Accident and Fire Assurance Corporation, Ltd., 119 So.2d 550 (La.App. 1st Cir. 1960); Cain v. St. Paul Fire and Marine Insurance Company, 201 So.2d 286 (La.App. 3rd Cir. 1967); Caston v. Combined Insurance Company of America, 308 So.2d 287 (La.App. 1st Cir. 1975). In Futrell, supra, our Supreme Court stated:
"Credit for wages paid is generally computed by deducting from the total number of weeks for which compensation is due those weeks when the employer paid the injured employee any amount which at least equaled the compensation due. Amounts paid weekly in excess of the compensation due cannot be credited as payment for future weeks. 2 Larson, Workmen's Compensation § 57.47." (Emphasis added)
The record in this case clearly shows that there was no agreement between Lewing and Vancouver that amounts paid to him weekly in excess of the compensation benefits due would later be deducted from workmen's compensation found to be owing in the future. In Gonzales v. Coastal Wire Warehouse, Inc., 328 So.2d 923 (La.App. 4th Cir. 1976), the court stated:
"Where wages are paid as a mere gratuity, as in the instant case, the employer is entitled to a credit against the amount of compensation payments owed. Although the weekly salary payments exceeded the weekly compensation payments to which the claimant was entitled, the employer was entitled to a credit on a week-to-week, rather than a dollar-for-dollar, basis. See LSA-R.S. 23:1206; Futrell v. Hartford Accident & Indemnity Company, 276 So.2d 271 (La.1973); Daigle v. Higgins Industries, 29 So.2d 374 (La.App. Orl.1947)." (Emphasis added)
The rule of law expressed in Futrell and Gonzales, supra, has been recently cited with approval by our brethren of the Second Circuit in Thomas v. Holland, 345 So.2d 1000 (La.App. 2nd Cir. 1977). In that case, the court stated:
"However, credit for wages paid is computed by deducting from the total number of weeks for which compensation is due those weeks when the employer paid the injured employee any amount which at least equaled the compensation due. Amounts paid weekly in excess of the compensation due cannot be credited as payment for future weeks. Futrell v. Hartford Accident & Indemnity Company, 276 So.2d 271 (La.1973). Furthermore, any amounts paid which are actually earned after the injury cannot be credited against the amount due. Gonzales v. Coastal Wire Warehouse, Inc., 328 So.2d 923 (La.App. 4th Cir. 1976). Only unearned payments are credited." (Emphasis added)
In his brief, counsel for Vancouver seeks to escape from the rule expressed above by distinguishing the several cases cited as being inapplicable to the case at bar. He contends that the Cain and Futrell cases, supra, and portions of the Walters case, supra, are inapplicable because they involve situations where workmen's compensation benefits were paid by an insurer with the employer paying sums in addition to that paid by the insurer. He seeks to distinguish these cases from the case at bar because salary alone was paid by Vancouver to Lewing. We fail to appreciate why a different result should be reached on the basis of such distinction. We cannot perceive of any reason why the result should depend on whether the employer alone pays wages in addition to the amount of benefits due, or the employer merely adds to the compensation benefits already being paid to *1324 the injured employee. The distinction is without merit.
Finally, able counsel for Vancouver points to the case of Hulo v. City of New Iberia, 153 La. 284, 95 So. 719 (La.1923), as standing for the proposition that where an employer has out of sympathy and benevolence paid unearned wages to an injured employee, he is entitled to recoup these wages in the form of a credit when workmen's compensation benefits are assessed. We acknowledge that in that case the employee was allowed credit on a dollar-for-dollar basis. However, we believe that the decision in Hulo, supra, has been impliedly, though not expressly, overruled by later jurisprudence, especially the Futrell case, supra.
In the absence of an agreement between Lewing and Vancouver that wages paid to him in excess of compensation benefits due would be deducted from future workmen's compensation, we find that the trial judge was correct in his award of credit on a week-for-week basis. We now turn to the issue of the proper amount of mileage to be allowed plaintiff for his travel expenses.
In his petition, plaintiff indicated that he will incur future medical expenses and future travel expenses in order to obtain medical services needed. In connection with the latter, the parties at the time of trial stipulated as to a dispute concerning the proper mileage rate to be used in calculating future travel expense and requested the trial judge to determine the proper rate. The trial judge made no award for accrued and unpaid medical or travel expenses and the record contains no evidence concerning any amounts for these items which might be presently due. Presumably there are no unpaid amounts presently due for medical or travel expenses. The trial judge did, however, pursuant to the prayer of plaintiff's petition and the stipulation of the parties fix the mileage rate at $.15 per mile.
We observe that it is well settled that a workmen's compensation claimant is not entitled to an award for future medical expenses, there being no liability for such expenses until they are incurred. Deshotels v. Fidelity and Casualty Company of New York, 324 So.2d 895 (La.App. 3rd Cir. 1975, writ refused); Van Dyke v. Colfax Creosoting Company, 295 So.2d 589 (La.App. 3rd Cir. 1974, writ refused). We conclude that it necessarily follows that this well settled rule applies with equal force to future travel expenses incurred by a claimant in obtaining necessary medical services. Since as aforesaid, there are no unpaid amounts presently due for travel expenses incurred in connection with plaintiff's medical treatment, we believe that the trial court's fixing of a mileage award for future travel expenses amounts to an improper advisory opinion. Guerriero v. City of Monroe, 136 So.2d 305 (La.App. 2nd Cir. 1961); Upper Audubon Association v. Audubon Park Commission, 329 So.2d 209 (La.App. 4th Cir. 1976, writ refused). For these reasons, we conclude that the trial court erred in allowing plaintiff future travel expenses at the rate of $.15 per mile.
For the above and foregoing reasons, the judgment of the trial court which allows plaintiff future travel expenses at the rate of $.15 per mile is reversed and set aside. In all other respects, the judgment appealed from is affirmed. Defendant-Appellant is cast for all costs of this appeal.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[1] It is not disputed that plaintiff's weekly salary paid during this period exceeded $65.00 per week.
[2] The record shows that plaintiff remained in his supervisory position when he returned to work after the accident, but indicates that he did not fully earn the wages paid to him. Glenn F. Salter, personal manager of Vancouver, testified: "Q. When he was doing some work at Vancouver was it work at the same supervisory job that he had prior to his accident of July, 1975? A. Well, it was partially that and just minor duties that he felt that he could do."