LOTTINGER, Judge.
This is an appeal by the plaintiff, Tommy Ringo, from the dismissal of his suit for worker’s compensation benefits from his former employer, Hawco Manufacturing Company, Inc. (Hawco). The plaintiff was injured on July 23,1988, while in the course and scope of his employment with Hawco Manufacturing Company, Inc.
Hawco began paying the plaintiff weekly compensation at the maximum rate approximately one week after his injury. Four weeks after the injury, after making three such weekly payments, Hawco issued two checks to the plaintiff — one at the maximum weekly rate as compensation for the first week following the injury, and one for four times the maximum weekly rate as compensation for the fifth, sixth, seventh and eighth weeks following the injury.
At the end of the eighth week, Hawco again paid the plaintiff for four weeks at the maximum rate. After that four week period, Hawco let one week go by without making any payment, then paid the plaintiff for the past due week plus the current week. Thereafter, Hawco has paid the plaintiff benefits at the maximum rate at the beginning of each week with the exception of one other instance where the plaintiff was prepaid for two weeks. Hawco has also paid all of the plaintiffs medical expenses related to his injury.
On .October 5, 1988, the plaintiff filed a claim with the Louisiana Office of Worker’s Compensation, seeking penalties and attorney’s fees. On November 8, 1988, the Office of Worker’s Compensation issued the Director’s recommendation awarding temporary total benefits at the maximum weekly rate to the plaintiff until he is able to return to gainful employment, plus all medical and related expenses. The Director did not award penalties and attorney’s fees to the plaintiff.
The plaintiff rejected this recommendation and filed the instant suit seeking weekly compensation at the maximum rate, medical benefits, penalties, attorney’s fees, interest and costs. The trial court held that Hawco did not violate La.R.S. 23:1201(B) and (E) by prepaying the plaintiff for up to four weeks of benefits, and that the plaintiff had been paid all that he was entitled to up until that time, therefore his suit was premature under La.R.S. 23:1314(A)(1).
The plaintiff has appealed alleging that the trial court erred in failing to hold that the worker’s compensation act mandates weekly payments to the employee during the period of his disability. The plaintiff apparently contends that he is entitled to compensation benefits for each and every week that he did not receive them, notwithstanding that he had already received compensation for those weeks by prepayment thereof. Thus, the plaintiff seeks compensation payments for those weeks during which he received none, notwithstanding that he had been prepaid those benefits.
The plaintiff cites two cases in his single page brief which interpret La.R.S. 23:1206 prior to its 1983 amendment. These two cases, Lewing v. Vancouver Plywood Company, Inc., 350 So.2d 1320 (La.App. 3rd Cir.1977), and Futrell v. Hartford Accident and Indemnity Company, 276 So.2d 271 (La.1973), do indeed stand for the proposition that when an employer pays unearned wages to an employee in excess of his entitlement to worker’s compensation owed, or otherwise overpays an employee’s compensation benefits, the employer gets credit for these payments on a week-to-week basis rather than on a dollar for dollar basis.
However, La.R.S. 23:1206 has been amended and no longer prohibits dollar-for-dollar credit to the employer or insurer for overpayments. Jim Walter Homes v. Lewis, 544 So.2d 485 (La.App. 2nd Cir.1989); and Breaux v. Petro Drive, Inc., 534 So.2d 48 (La.App. 3rd Cir.1988). Therefore, the *989 plaintiff is not entitled to any additional benefits due to Hawco’s prepayment of his compensation.
The plaintiffs contention that the Louisiana Worker’s Compensation Act mandates weekly payments is without merit. The act requires that payments be made as nearly as possible to the time and place of payment of the employee’s wages prior to the injury, but allows for a longer interval by agreement (up to one month) without the approval of the Director. La. R.S. 23:1201(A).
The trial court was apparently of the opinion that an agreement existed between Hawco and Mr. Ringo for monthly compensation payments, and that as soon as Mr. Ringo complained about the interval between payments, Hawco began paying his benefits weekly. This finding is not manifestly erroneous, and the trial court correctly dismissed the plaintiff’s suit.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by the plaintiff.
AFFIRMED.